**THOMAS PETROLEUM PRODUCTS, INC., Appellant,**

v.

**RULON ELECTRIC CO., INC., Appellee.**

**No. AB2435.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1980.

Matthew M. Julius, Guest & Adain, Dallas, for appellant.

Michael C. Boltz, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and MILLER, JJ.

PAUL PRESSLER, Justice.

Appellant appeals a default judgment by writ of error. On March 14, 1979, Appellee filed its Original Petition complaining of the failure of Appellant and of Stevenson Construction Co., Inc., as general contractor, to pay for goods delivered and services rendered under a contract to remodel a house owned by Appellant. On October 4, Appellee filed an Amended Original Petition making the same complaints but also alleging that due diligence was used in unsuccessfully attempting to serve the Appellant through its registered agent and, therefore, service should be obtained by serving the Secretary of State of Texas as agent. Ed H. Thomas was also joined as a defendant. The Secretary of State was served. The Certificate of the Secretary of State recites that two copies of the citation and petition in this cause were served by delivery to the Assistant Secretary of State and that a copy was forwarded by Certified Mail to the Appellant's registered agent but was returned bearing the notation, "unclaimed." On December 27, Appellee's Motion for Nonsuit was granted as to Stevenson Construction Co., Inc. and Ed. H. Thomas individually. On the same day the default judgment complained of was signed.

On February 18, 1980 Appellant filed his Petition for Writ of Error. Appellant complains in his first point of error that the trial court erred in granting the default judgment because service on Appellant was defective.

■ An appeal by writ of error constitutes a direct attack on a default judgment. The question before the court is whether there is lack of jurisdiction apparent on the face of the record which would invalidate the trial court's judgment. *McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex.1965). Recitation in the judgment that there was due service is not conclusive in such a proceeding. The record must affirmatively show that the court had jurisdiction of the defendant's person. *Whitney v. L. & L. Realty Corp.*, 500 S.W.2d 94, 95 (Tex.1973). Further, the record must affirmatively show strict compliance with the method of service. *Travis Builders Inc. v. Graves*, 583 S.W.2d 865, 867 (Tex.Civ.App.—Tyler 1979, no writ).

■ Whenever a corporation fails to appoint or maintain a registered agent in the State or whenever the registered agent cannot with reasonable diligence be found at the registered office, the Secretary of State shall be the agent of such a corporation for service of process. Tex.Bus.Corp. Act Ann. art. 2.11 B (Vernon 1980). The transcript contains four copies of citations served or attempted to be served in this cause. The return on the first citation reflects service on Stevenson Construction Co. through delivery to Thomas M. Stevenson on March 20, 1979. The second appears to be a copy

of the first. The return on the third citation recites that service was perfected by delivering a copy to George W. Strake Jr., Secretary of State of Texas, as agent of service. The fourth citation appears to be a copy of the third except that the notation of delivery to the Secretary of State is missing. Nowhere in any of these returns is there a statement that service on the registered agent of Appellant was attempted. There is no statement by the returning officers as to the diligence used in attempting to serve Appellant as is required by Tex.R.Civ.P. 107. The statement of facts reveals that in argument to the court Counsel for Appellee referred to certified copies of the Articles of Incorporation of Appellant and a certificate of the Secretary of State naming the registered agent of Appellant and the registered address. These instruments were not introduced into evidence, are not part of the record before this Court and thus cannot be considered by this Court. The record will not support a default judgment against the Appellant.

Appellee urges three cross points of error. In the first two, Appellee claims that Appellant has failed to show it was not negligent in allowing the default judgment and that it has a meritorious defense. The Supreme Court of Texas has stated: "This court in *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961), held that a party appealing to the Court of Civil Appeals by writ of error, within six months of final judgment, may obtain relief if the invalidity of the judgment is disclosed by the papers on file in the case. Requirements pertaining to relief sought by bill of review are not applicable to applicants for writs of error under Article 2255, V.A.C.S." *Pace Sports Inc. v. Davis Brothers Publishing Co., Inc.*, 514 S.W.2d 247 (Tex.1974). Appellee's first two cross points are thus overruled.

Appellee's third cross point, urging that Appellant has failed to plead and demonstrate its excuse for failure to appear, must also be overruled. As stated previously, in a writ of error, jurisdiction must appear on the record. Rules relating to service of process are mandatory and a default judgment based upon citation not complying with those rules is void if the defect is apparent on the face of the record. *Travis Builders, Inc. v. Graves*, 583 S.W.2d at 868. Appellant's Petition for Writ of Error contains an allegation of defective service.

Appellant's first point of error is sustained; therefore, the remaining points of error need not be reached. The judgment of the court below is reversed and remanded.