**GENERAL OFFICE OUTFITTERS, INC., Appellant,**

v.

**Opal HOLT, Appellee.**

**No. 05–83–00514–CV.**

Court of Appeals of Texas, Dallas.

May 1, 1984.

---

C. Michael Moore, Karen F. Jones, Dallas, for appellant.

Vincent R. Kirst, Irving, for appellee.

Before STEPHENS, VANCE and ALLEN, JJ.

VANCE, Justice.

General Office Outfitters, Inc. petitions by writ of error to set aside a default judgment awarding Opal Holt damages for a fall incurred outside the company's premises. In its first point of error, General Office argues that Holt did not use reasonable diligence in attempting to serve its registered agent with her original petition before serving the Secretary of State. By its fourth point of error, General Office contends that the first and second amended petitions fail to allege that reasonable diligence was used in attempting to serve the registered agent, and in its fifth point, it maintains that the record similarly fails to show reasonable diligence. We sustain these three points of error and reverse and remand.

Holt filed her original petition on November 18, 1981. The petition alleged that the corporation's registered agent, Ronald E. Hammon, could be served at 2517 Converse in Dallas. The officer's return was filed January 5, 1982. It indicated that the officer was unable to locate the agent on December 14, 1981, and that citation was returned to the court "per attorney's office." Holt filed her first amended petition on March 12, 1982. The first paragraph of this petition again alleged that service could be had on Ronald Hammon, or "in the event same is not possible, service may be had by serving the Secretary of State." Citation was served on the Secretary of State and was forwarded but returned unclaimed. Finally, on November 12, 1982, Holt filed her second amended petition. This petition also alleged that service could be had on Hammon. However, it further alleged that due diligence was used in an unsuccessful attempt to serve Mr. Hammon. The petition incorporated an affidavit of Hurlis Williams, a deputy constable, dated November 9, 1982. Williams stated that on December 14, 1982,[1] he attempted service (apparently of the original petition) on Mr. Hammon, but was unable to locate him at that address. Thus, he returned the citation unexecuted "per attorney's office." The record fails to indicate whether service of process on this second amended petition was had on the Secretary of State, or was forwarded to General Office.

■ While ordinarily presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites), no such presumptions are made in a direct attack upon a default judgment. *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). In order to support a default judgment based on substituted service pursuant to TEX. BUS.CORP.ACT ANN. art. 2.11(B) (Vernon 1980), the record must show that reasonable diligence was exercised in seeking service on the registered agent of the corporation at the registered office. *Travis Builders, Inc. v. Graves*, 583 S.W.2d 865, 867 (Tex.Civ.App.—Tyler 1979, no writ).

■ The officer's return on the citation for the original petition shows merely that the officer failed to locate the agent and returned the citation to the court. This does not show the diligence used by the officer in executing the citation or the cause of his failure to do so, as required by TEX.R.CIV.P. 107. As such, this return will not support citation by service on the Secretary of State. *See Thomas Petroleum Products v. Rulon Electric Co.*, 609 S.W.2d 890, 892 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *David A. Carl Enterprises v. Crow-Shutt #14*, 553 S.W.2d 118, 121 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ).

■ Similarly, the first amended petition does not allege any facts authorizing substituted service. The second amended petition makes some attempt at alleging reasonable diligence and includes a constable's

---

**1.** This is an impossible date. Likely, the affiant meant to say December 14, 1981.

affidavit. However, the affidavit contains no more information than the officer's return on the original petition. It does not contain a statement showing the actual diligence used, such as a description of each attempt made at serving the registered agent. *See, e.g., Stylemark Construction, Inc. v. Spies,* 612 S.W.2d 654, 656 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ); *Harrison v. Dallas Court Reporting College,* 589 S.W.2d 813, 815 (Tex.Civ.App.— Dallas 1979, no writ). Without a showing of the actual diligence used, this affidavit will not support substituted service on the Secretary of State. *See Travis Builders, Inc. v. Graves,* 583 S.W.2d at 867.

In short, we find nothing in the record showing that reasonable diligence was used in attempting to serve General Office's registered agent. Thus, the record before us will not support a default judgment. Because of our holding, we need not address the two points concerning Mrs. Holt's pleadings and proof of damages. The judgment of the trial court is reversed and the cause remanded for a new trial.