**BEACH, BAIT & TACKLE, INC.,
STORE NO. 2, Appellant,**

v.

**Watt HOLT, Appellee.**

**No. C14–85–099–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 23, 1985.

David E. Lueders, Law Offices of David E. Lueders, Houston, for appellant.

Kim Richardson, Bass, Farmer, Brown, Girouard & Richardson, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

OPINION

ROBERTSON, Justice.

In this appeal by writ of error appellant attacks the default judgment as void in four points of error. Finding that the record does not show reasonable diligence was used in attempting to serve appellant's registered agent before serving the Secretary of State, we reverse.

Appellant was one of two defendants named in a personal injury suit. The other defendant was served, filed an answer and was later dismissed on appellee's motion. Appellee's Original Petition named the registered agent for service of process as Eugene J. Pitman, 2454 Houston Natural Gas Building, Dallas, Dallas County, Texas. The citation issued on this petition does not indicate whether service was attempted on appellant's agent as the return is blank. Appellee's First Amended Petition listed

the same name and address for service. The return on the citation issued on this petition indicates that R.J. Hasley, a Brazoria County constable, attempted and perhaps executed personal service of process on appellant's registered agent, Eugene J. Pitman, in Harris County. (The uncertainty results because the return was, except for the hour and date of service, fully completed, including the constable's signature.) Appellee's Second Amended Petition listed the registered agent for service of process as Eugene J. Pitman, 2454 Houston Natural Gas Building, Travis Street, Houston, Harris County, Texas. In this petition appellee alleged that Constable Hasley attempted personal service on two different occasions at this address but "was told there was no one in the building by that name." The petition further alleged that this was the address for service according to the records of the Secretary of State's office, and requested substituted service on the Secretary of State pursuant to article 2.11 of the Texas Business Corporation Act. The petition was accompanied by Constable Hasley's affidavit stating that he was unable to serve appellant at the given address on July 30, 1984, "despite due dilligence [sic]." Hasley further stated that, "For the reason set forth above, it is impractical to secure personal service of citation on said [appellant], and [appellee] will be unable to do so despite due dilligence [sic]." Citation was then served on the Secretary of State, and, according to the records of that agency, a copy of the process was forwarded by certified mail, return receipt requested, to Beach, Bait & Tackle, Eugene J. Pitman, 2454 Housotn [sic] Natural Gas Building, Travis Street, Houston, Harris County, TX. The citation was returned to the Secretary of State's office bearing the notation "Forwarding Order Expired." Default judgment against appellant for fifty thousand dollars was then entered.

In its second point of error appellant contends the default judgment is void and should be set aside because the record does not show the diligence required for personal service before obtaining substituted service on the Secretary of State.

■■■ Because this is a writ of error proceeding, the question before this court is whether there is error on the face of the record which invalidates the trial court's judgment. *McKanna v. Edgar,* 388 S.W.2d 927, 928 (Tex.1965). Further, since the appeal constitutes a direct attack upon a default judgment, we will not indulge any presumptions in support of the judgment's validity. *Id.* at 929. Failure to show affirmatively a strict compliance with the rules relating to the issuance, service and return of citation renders the attempted service invalid. *Cates v. Pon,* 663 S.W.2d 99, 102 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). In order to support a default judgment based on substituted service pursuant to Tex.Bus.Corp.Act Ann. art. 2.11 (Vernon 1980), the record must show that reasonable diligence was exercised in seeking service on the registered agent of the corporation at the registered office. *General Office Outfitters, Inc. v. Holt,* 670 S.W.2d 748, 749 (Tex.App.—Dallas 1984, no writ.)

■■■ This record raises several questions which bear on the issue of the diligence used by appellee to serve appellant. While we question the propriety of sending a Brazoria County constable to serve process on a party in Harris County in violation of Tex.R.Civ.P. 103, there are other indications of lack of diligence which are dispositive of this appeal. When a citation has been returned unserved, the officer's return must itself show the diligence used by the officer to execute the citation and the cause of his failure to execute it. Tex.R.Civ.P. 107; *David A. Carl Enterprises, Inc. v. Crow-Shutt #14,* 553 S.W.2d 118, 120 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). The citation issued on appellee's Original Petition is silent as to any attempt to serve appellant. The citation issued on the First Amended Petition indicates that service was at least attempted and perhaps executed. However, if service was not in fact accomplished, the officer's return does not show the diligence used by the constable to execute the citation or the

cause of his failure to execute it. As such, these citations will not support substituted service on the Secretary of State. *See General Office Outfitters, Inc. v. Holt,* 670 S.W.2d at 749; *Thomas Petroleum Products, Inc. v. Rulon Electric Co., Inc.,* 609 S.W.2d 890, 892 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Constable Hasley's Affidavit in Support of Motion for Substituted Service states that he attempted service on appellant on July 30, 1984. This statement is at variance with the return on the citation. In any event, the affidavit does not contain a statement showing the actual diligence used. Mere statements of conclusion made by an officer that service was impractical is not sufficient to sustain the granting of substituted service. *Stylemark Construction, Inc. v. Spies,* 612 S.W.2d 654, 656–57 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ). Without a showing of the actual diligence used, this affidavit will not support substituted service on the Secretary of State. *General Office Outfitters, Inc. v. Holt,* 670 S.W.2d at 750. Point of error two is sustained and we need not, therefore, consider the remaining points of error.

The judgment is reversed and remanded for a trial on the merits.