**RWL CONSTRUCTION, INC.,**

v.

**Deborah ERICKSON and Roger Erickson.**

**No. 01–93–00483–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 19, 1994.

---

**450**

John B. Wallace, Houston, for appellant.

Kathryn Geiger, Houston, for appellees.

Before ANDELL, COHEN and WILSON, JJ.

## OPINION

ANDELL, Justice.

This is an appeal by writ of error from a default judgment. Defendant RWL Construction, Inc. (RWL) appeals a judgement awarding plaintiffs Deborah and Roger Erickson $44,104.82, including prejudgment interest.

1. The Ericksons also sued the city of Houston,

### Factual and procedural background

The Ericksons filed this lawsuit in August 1992. They alleged that RWL, while digging holes in their backyard, negligently broke a waterline, did not notify them of the broken waterline, and left the premises. The Ericksons alleged that as a result this negligence, their home was flooded, and their home and personal belongings were damaged. They asserted the reasonable and necessary cost of restoring their home to its pre-flood condition was approximately $27,107.08, and the cost of replacing their personal property was approximately $15,000.[1]

The Erickson's original petition alleged:

Defendant, RWL Construction, Inc., is a corporation, duly formed and existing under the laws of the State of Texas, and may be served with citation by service of citation upon its registered agent, Charles S. Brack, 1314 Market Street, Baytown, Texas.

The original petition citation contains the following:

TO ANY SHERIFF OR CONSTABLE OR AUTHORIZED PERSON OF THE STATE OF TEXAS

TO: RWL CONSTRUCTION, INC., A CORPORATION

BY SERVING ITS REGISTERED AGENT, CHARLES S. BRACK

~~1314 MARKET STREET~~ 9926 Pinehurst Dr.

BAYTOWN, TEXAS

As indicated, a line has been drawn through "1314 Market Street"; someone has printed the address "9926 Pinehurst Dr." next to it. The officer's return indicates the constable's deputy apparently attempted service. However, the return does not indicate whom the deputy attempted to serve, or the date, time, or place of attempted service. The constable's return contains the following notation: "Unable to serve def. Moved a year ago from Chambers Co. Unknown fording [sic] address."

The Ericksons filed an amended petition, in which they alleged:

but nonsuited the city in February 1993.

Defendant, RWL Construction, Inc., is a corporation, duly formed and existing under the laws of the State of Texas, and may be served with citation by service of citation upon the Secretary of State, 1019 Brazos Street, Austin, Texas 78701.

Citation was served on the secretary of state. The secretary of state mailed a copy of the citation to 1314 Market Street, Baytown, Texas; it was returned to his office bearing the notation "Attempted—not known."

The trial court held a default judgment hearing on February 8, 1993. The Ericksons presented a certificate from the secretary of state's office reflecting that Charles Brack was the designated registered agent for RWL, and the designated registered office for RWL was 1314 Market Street, Baytown, Texas.

In its first point of error, RWL asserts the evidence is legally and factually insufficient to support the amount of damages awarded. In its second point of error, RWL asserts service of process was defective.

### Service of process

Service of process on corporations is governed by the Texas Business Corporation Act.[2] The statute permits service upon the secretary of state whenever the corporation's registered agent "cannot with reasonable diligence be found at the registered office...." TEX.BUS.CORP.ACT ANN. art. 2.11(B) (Vernon 1980).

■ RWL concedes it failed to properly designate a new registered agent and registered office, but notes it maintained a listing in the Houston telephone directory in 1992. RWL has attached to its brief copies of its listing in the 1992–93 and 1993–94 Southwestern Bell business white pages for greater Houston. The Ericksons have filed a motion to strike evidence not part of the record, in which they note the pages from the telephone directory are not part of the record, in which they note the pages from the telephone directory are not part of the record. The motion is granted. This Court must hear and determine a case on the record as filed, and may not consider documents attached as exhibits to briefs. TEX.R.APP.P. 50(a); *Mitchison v. Houston Indep. Sch. Dist.,* 803 S.W.2d 769, 771 (Tex.App.—Houston [14th Dist.] 1991, writ denied). We note, however, the fact that RWL maintained such a listing is irrelevant to our determination of this point of error. The Texas Business Corporation Act places upon corporations the duty to maintain a registered agent and office and to notify the secretary of state of any change to either. *Tankard–Smith, Inc. v. Thursby,* 663 S.W.2d 473, 475 (Tex.App.— Houston [14th Dist.] 1983, writ ref'd n.r.e.); *see also* TEX.BUS.CORP.ACT ANN. arts. 2.10, 2.10–1 (Vernon 1980 & Supp.1994). Article 2.11(B) prescribes the procedure to be followed when a plaintiff cannot serve a corporation at its registered office, and the Ericksons were not required to take any action other than that prescribed by statute. *Tankard–Smith, Inc.,* 663 S.W.2d at 475. We agree with RWL, however, that the record does not reflect the corporation was properly served.

■ When a default judgment is directly attacked by writ of error, the record must reflect strict compliance with the rules relating to the issuance, service, and return of citation. *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965); *General Office Outfitters v. Holt,* 670 S.W.2d 748, 179 (Tex.App.— Dallas 1984, no writ). In order to support a default judgment based on substituted service pursuant to article 2.11(B), the record must show that reasonable diligence was used in seeking service on the registered agent of the corporation *at the registered office. General Office Outfitters,* 670 S.W.2d at 749.

■ Here, there is nothing in the officer's return to indicate the constable's deputy used reasonable diligence in attempting to serve RWL's registered agent *at the registered address.* We cannot determine from the face of the document whether the deputy attempted service at the crossed-out Market Street address (the correct address for service), the handwritten Pinehurst address, both, or neither. We cannot determine whom the deputy attempted to serve, or

2. TEX.BUS.CORP.ACT ANN. art. 1.01(A) (Vernon 1980).

**452**

when he attempted service. Nothing in the record reflects reasonable diligence, and the record thus does not support substituted service on the secretary of state. We therefore sustain RWL's second point of error. Because of our disposition of this point of error, we need not address RWL's point of error regarding sufficiency of the evidence.

We reverse the judgment of the trial court and remand for a new trial.