**NATIONAL MULTIPLE SCLEROSIS SOCIETY—NORTH TEXAS CHAPTER, Appellant,**

v.

**Carolyn RICE, Appellee.**

**No. 11–99–00212–CV.**

Court of Appeals of Texas, Eastland.

July 27, 2000.

Michael Allen Birrer, Sharon Shumway, Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellant.

Ralph C. Perry–Miller, Charles W. Blount, III, Perry–Miller & Blount, Dallas, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

OPINION

TERRY McCALL, Justice.

The National Multiple Sclerosis Society—North Texas Chapter (the Society) brings a restricted appeal from a default judgment rendered against it in favor of Carolyn Rice. See TEX.R.APP.P. 30. Because we find that the face of the record does not show strict compliance with the rules for service, we reverse and remand.

### Background Facts

The Society hired Rice as its executive director in 1986. Claiming that her job performance was substandard, the Society terminated her employment in 1996. Rice sent a letter to the Society at its offices, located on the North Central Expressway in Dallas, requesting reinstatement to her position. Rice also participated in mediation with the Society. In September 1998, after mediation failed, she filed suit for breach of contract and retaliatory discharge. Pursuant to the allegations in Rice's petition, the district clerk issued citation on the Society, "BY SERVING REG. AGT., DOUGLAS WEEDON 9990 MONROE DRIVE, # 202 DALLAS, TX 75220." [1] The citation was not served, as stated on the return, "because of certified [mail] being returned unaccepted." The unserved citation was filed in the record, along with the certified mail envelope and "green card."

Rice filed a motion for default judgment in December 1998. She also filed a certificate of last-known address, listing Weedon as the registered agent and the Monroe Drive location as his address. Rice attached a certificate from the Secretary of State that confirmed Weedon as the registered agent for the Society. On the same

---

1. TEX. REV. CIV. STAT. ANN. art. 1396–2.07(A)(Vernon 1997) provides:

 The president and all vice-presidents of the corporation and the registered agent of the corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served. Where the chief executive function of a corporation is authorized to be performed by a committee, service on any member of such committee shall be deemed to be service on the president.

day, Rice also filed an amended petition, which stated the following:

2. North Texas NMSS is a non-profit corporation, organized under the laws of the State of Texas. Its registered agent is purported to be Douglas Weedon, 9990 Monroe Drive, Suite 202, Dallas, Texas 75220. Exhibit A, a true and correct copy of a certification from the Texas Secretary of State, attesting to such fact [*sic* ]. Despite reasonable diligence, the registered agent cannot be found at the preceding address. Pursuant to TEX. REV. CIV. STAT. ANN. Art. 1396–2.07, the Texas Secretary of State shall be the agent for North Texas NMSS, upon whom process may be served. Service may be had by delivering to and leaving with the Secretary of State or the Assistant Secretary of State, or with any clerk having charge of the corporation department of the Secretary of State, duplicate copies of process.

The amended petition was not verified, nor was it accompanied by an affidavit.

The district clerk reissued citation for service on the Society, "BY SERVING OFFICE OF THE SECRETARY OF STATE CITATIONS UNIT." The Secretary of State issued a certificate that the citation was received and forwarded to the Society by mailing it to Weedon at the Monroe Drive address by certified mail. The certificate also stated that the citation was returned to the Secretary of State "bearing the notation Forwarding Order Expired." Rice filed an amended motion for default judgment in March 1999. After a hearing, the trial court granted a default judgment against the Society on March 22, 1999, for $152,638.58 plus attorney's fees. The Society filed its notice of restricted appeal on July 2, 1999.

*Analysis*

■ The face of the record must show strict compliance with the rules for service in order for a default judgment to withstand direct attack. *Primate Construc-*

*tion, Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994); *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). There are no presumptions in favor of the valid issuance, service, or return of citation. *Primate Construction, Inc. v. Silver, supra*; *McKanna v. Edgar, supra* at 929–30. Inferences of jurisdictional facts will not be made. *McKanna v. Edgar, supra*. Article 1396–2.07(A) of the Non–Profit Corporation Act (the Act) provides that service of process may be had on the president, any vice president, or the registered agent of the corporation. See note 1, supra. When a corporation fails to appoint or maintain a registered agent in the state, or when "its registered agent cannot *with reasonable diligence be found at the registered office*," a plaintiff may serve the Secretary of State as agent for the corporation. (Emphasis added) Article 1396–2.07(B).

■ Few cases address service of process under Article 1396–2.07. See, e.g., *Nueces County Housing Assistance, Inc. v. M & M Resources Corporation*, 806 S.W.2d 948 (Tex.App.—Corpus Christi 1991, writ den'd). TEX. BUS. CORP. ACT ANN. art. 2.11 (Vernon 1980 & Supp. 2000), however, is identical to Article 1396–2.07. Thus, we can use the reasoning in those cases to inform our decision in the present case. Cases decided under Article 2.11 require the record to show affirmatively that the plaintiff used reasonable diligence in attempting to serve the registered agent at the registered office before undertaking substituted service on the Secretary of State. See, e.g., *Maddison Dual Fuels, Inc. v. Southern Union Co.*, 944 S.W.2d 735 (Tex.App.—Corpus Christi 1997, no writ); *RWL Construction, Inc. v. Erickson*, 877 S.W.2d 449 (Tex.App.—Houston [1st Dist.] 1994, no writ); *General Office Outfitters, Inc. v. Holt*, 670 S.W.2d 748 (Tex.App.—Dallas 1984, no writ).

In *Maddison Dual Fuels*, the court held that the record did not show reasonable diligence even though the process server had noted on a "Diligence of Service" form

that the registered agent was not served because of a "Bad Address." Nothing in the record, including the form, described the attempts at locating or serving the agent. *Maddison Dual Fuels, Inc. v. Southern Union Co.,* supra at 738. *RWL Construction,* involved facts similar to the present case. The constable noted on the original citation directed to the registered agent, "Unable to serve def. Moved a year ago from Chambers Co. Unknown fording [sic] address." The citation mailed to the defendant by the Secretary of State was returned with the notation, "Attempted—not known." The court held that, because the record was devoid of evidence of the attempts to locate and serve the registered agent, reasonable diligence was not shown. *RWL Construction, Inc. v. Erickson,* supra at 451–52. The officer's return and an affidavit by the officer in *General Office Outfitters* showed only that the officer could not locate the registered agent at the address listed. The court in that case also held that the record had to show "the actual diligence used, such as a description of each attempt made at serving the registered agent." *General Office Outfitters, Inc. v. Holt,* supra at 750.

The return on the original citation states that it was unserved because it was not claimed at the post office. The certified mail envelope attached to the original citation bears the notation, "Attempted Not known." The certificate issued by the Secretary of State recites that "The PROCESS was returned to this office on February 17, 1999, bearing the notation Forwarding Order Expired." Nothing in the record, including the reporter's record of the default judgment hearing, describes the attempts made to locate and to serve the registered agent. The record does not show that Rice used reasonable diligence in her attempts to locate the agent and to serve him before she attempted substitute service through the Secretary of State.

Rice cites *G.F.S. Ventures, Inc. v. Harris,* 934 S.W.2d 813 (Tex.App.—Houston [1st Dist.] 1996, no writ), to support her contention that the record shows reasonable diligence. That case is distinguishable, however, because the court found reasonable diligence based on both the officer's return and the officer's affidavit contained in the record. The return and the affidavit both stated that the current resident of the address never heard of the registered agent. Any further attempts at service on the registered agent at the registered address, the court held, would be futile. Thus, the record demonstrated reasonable diligence in attempting to serve the registered agent. *G.F.S. Ventures, Inc. v. Harris,* supra at 816–17. The record here does not affirmatively show that further attempts on the registered agent would be futile.

■ Although the cases involving Article 2.11 speak of "substituted service" on the Secretary of State, they do not mention TEX.R.CIV.P. 106. One court has held that Rule 106 and Article 2.11 are not "interdependent methods of service." See *Houston's Wild West, Inc. v. Salinas,* 690 S.W.2d 30, 32 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd, n.r.e.). The Society does not mention Rule 106(b); it focuses its argument on the reasonable diligence requirements of Article 1396–2.07. Rice argues that she complied with Rule 106(a); but she does not mention Rule 106(b). To rely on Rule 106, Rice would have to demonstrate that she complied with the entire rule. Rule 106(b) requires a party seeking substituted service to file a motion supported by an affidavit with the trial court. *Wilson v. Dunn,* 800 S.W.2d 833 (Tex. 1990). The trial court must then issue an order permitting substituted service and describing the method of service. *Rivers v. Viskozki,* 967 S.W.2d 868 (Tex.App.— Eastland 1998, no pet.).

■ Failure to comply with the requirements of Rule 106(b), when they apply, is fatal to a default judgment. *Wilson v. Dunn,* supra; *Rivers v. Viskozki,* supra. The record contains no motion for substituted service, no affidavit to support substituted service, and no order granting

substituted service. Thus, if Rule 106(b) applies here, the judgment must be reversed. Because we have found no evidence of reasonable diligence to support service on the Secretary of State under Article 1396–2.07, however, we need not address the applicability of Rule 106(b).

 The cases involving Article 2.11 state that the appellate court may look at the entire record to determine whether reasonable diligence is shown. *Maddison Dual Fuels, Inc. v. Southern Union Co.,* *supra* at 738; *RWL Construction, Inc. v. Erickson, supra* at 451; see *General Office Outfitters, Inc. v. Holt,* *supra* at 749–50.[2] The face of the record does not affirmatively show compliance with the rules for service under Articel 1396–2.07. The trial court erred in granting a default judgment, because it had no jurisdiction over the Society.

### This Court's Ruling

We sustain the Society's first issue on appeal; we need not address its remaining issues. See TEX.R.APP.P. 47.1. The judgment of the trial court is reversed, and the cause is remanded.

---

**2.** In *McKanna*, the Supreme Court indicated that a mere allegation in the petition would support substituted service on the Secretary of State when an out-of-state resident did not maintain a regular place of business in the state or designate an agent for service in the state. *McKanna v. Edgar, supra* at 929–30. Rice's amended petition, as set forth above, contains only the conclusory statement that "[d]espite reasonable diligence, the registered agent cannot be found at the preceding address." A conclusory allegation, although perhaps sufficient to show that a defendant has no regular place of business or designated agent in the state, cannot show reasonable diligence. Proof of reasonableness requires evidence of the surrounding facts and circumstances. See *Mackie Construction Company v. Carpet Services, Inc.,* 645 S.W.2d 594, 596 (Tex.App.—Eastland 1982, no writ) (decided under Rule 106(b)).