**Opinion filed June 20, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00335-CV
_____

## UNIVERSAL WELL SERVICE, INC., Appellant

## V.

## APPLIED SURVEY SYSTEMS, INC., Appellee

**On Appeal from the 132nd District Court**

**Scurry County, Texas**

**Trial Court Cause No. 23756**

### MEMORANDUM OPINION

Universal Well Service, Inc. appeals the trial court's judgment on a breach of contract and an open account suit filed against it by Applied Survey Systems, Inc. Universal did not appear or answer, and the trial court entered a default judgment for $119,122.30 in damages and $5,000 in attorney's fees in favor of Applied Survey. Universal complains in a single issue that the trial court lacked

personal jurisdiction over it because it was apparent on the face of the record that service of citation was defective. We agree, reverse the judgment of the trial court, and remand the case to it for further proceedings.

## I. Procedural History

In October 2010, Applied Survey sued Universal and sought to recover $119,122.30 for survey and oil-field services it provided in Scurry County to Universal. Universal made partial payments on two invoices, and Applied Survey sued for the balance. Applied Survey hired a private process server, Christopher G. Sampa, to serve Universal with the lawsuit. On two separate occasions, Sampa attempted to serve Universal at 1717 James Place, Suite 200, in Houston. Sampa returned the citation unserved along with an affidavit in which he averred that he had attempted service on October 29, 2010, and November 1, 2010, but that he could not complete service because the office at that address was vacant. Applied Survey's counsel filed Sampa's affidavit with the district clerk.

After Sampa returned the citation unserved, Applied Survey amended its petition and asked the district clerk to issue a new citation for service on the Texas Secretary of State, as the registered agent for Universal. Because Applied Survey thought that Universal did not have a Texas registered agent for service, it attempted to obtain service under former Article 2.11(B) of the Texas Business Corporation Act (now codified as TEX. BUS. ORGS. CODE ANN. § 5.251 (West 2012).[1] *See BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 827 (Tex. App.—Eastland 2012, no pet.). The secretary of state forwarded the amended petition to the same address, 1717 James Street, Suite 200, in Houston, Texas, at which Sampa had attempted service. The secretary of state returned an affidavit stating that the

---

[1]Applied Survey cited former Article 2.11(B) in its first amended original petition filed on December 13, 2010, as its basis for obtaining service by serving the secretary of state. However, this article expired on January 1, 2010, pursuant to TEX. BUS. CORP. ACT art. 11.02. The provisions of former Article 2.11(B) relevant to this appeal were codified without substantive revision as Section 5.251.

documents were returned to it and noted that the petition and citation were "Not Deliverable as Addressed, Unable to Forward."

Applied Survey's counsel filed the secretary of state's affidavit and his own affidavit regarding service with the district clerk. There is no mention in counsel's affidavit, or in any other part of the record, that he or anyone else took any additional action to locate Universal's registered agent or principal place of business after receiving Sampa's affidavit.

Applied Survey filed a motion for default judgment, certificate of last known address, and affidavits in support of liquidated damages and attorney's fees. In June 2011, the trial court entered a default judgment in favor of Applied Survey for $119,122.30 in damages and $5,000 in attorney's fees. Universal timely filed its notice of a restricted appeal.

## II. Issue Presented

In a single issue, Universal complains that the trial court lacked personal jurisdiction over it because the service of citation was defective. It also argued that, because the defect was apparent on the face of the record, it is entitled to a reversal of the judgment and a remand to the trial court.

## III. Analysis

On a restricted appeal, we review the entry of a no-answer, default judgment for strict compliance with the law on service of citation. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)*; Nat'l Multiple Sclerosis Soc'y–N. Tex. Chapter v. Rice*, 29 S.W.3d 174, 176 (Tex. App.—Eastland 2000, no pet.) The face of the record must affirmatively show strict compliance with the rules for service of citation for a default judgment to withstand direct attack. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009); *Primate Constr.*, 884 S.W.2d at 152; *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985); *McKanna v. Edgar*,

388 S.W.2d 927, 929 (Tex. 1965). When the adequacy of service of citation is challenged in a restricted appeal, there are no presumptions in favor of valid issuance, service, or return of citation. *BLS Dev., LLC*, 359 S.W.3d at 826 (citing *Primate Constr.*, 884 S.W.2d at 152). Any deviation from the rules regarding proper service of process will result in the setting aside of a default judgment. *Mansell v. Ins. Co. of the W.*, 203 S.W.3d 499, 501 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

In cases decided under former Article 2.11(B) (now Section 5.251) the courts require that the record affirmatively show that the plaintiff used "reasonable diligence" to serve the registered agent at the registered office before undertaking substituted service on the secretary of state. *Nat'l Multiple Sclerosis Soc'y–N.*, 29 S.W.3d at 176 (citing *Maddison Dual Fuels, Inc. v. S. Union Co.*, 944 S.W.2d 735 (Tex. App.—Corpus Christi 1997, no writ); *RWL Constr., Inc. v. Erickson*, 877 S.W.2d 449 (Tex. App.—Houston [1st Dist.] 1994, no writ); *Gen. Office Outfitters, Inc. v. Holt*, 670 S.W.2d 748 (Tex. App.—Dallas 1984, no writ)).

We held in *National Multiple Sclerosis Society–North* that reasonable diligence was not shown where the plaintiff provided no evidence of what it did to locate the registered agent of the defendant before serving the secretary of state. *Nat'l Multiple Sclerosis Soc'y–N.*, 29 S.W.3d at 177. Likewise, the First Court held in *RWL Construction* that, because the record was devoid of evidence of the attempts to locate and serve the registered agent, reasonable diligence was not shown. *RWL Constr.*, 877 S.W.2d at 451–52. The Fifth Court held in *General Office Outfitters,* that the officer's return and a company officer's affidavit showed only that the officer could not locate the registered agent at the address listed. The Fifth Court held that the record had to show "the actual diligence used, such as a description of each attempt made at serving the registered agent." *Gen. Office Outfitters*, 670 S.W.2d at 750.

In *Maddison Dual Fuels*, the court reached the same conclusion as the First, Fifth, and this court did in the cases that we have outlined. The record in *Maddison Dual Fuels* shows that the process server wrote "Bad Address" on the "Diligence of Service" form, but there was nothing in the record, including that form, that described the attempts at locating or serving the agent. The plaintiff did not show that it had exercised reasonable diligence to obtain service. *Maddison Dual Fuels*, 944 S.W.2d at 738. Finally, in *Wright Brothers*, the First Court held that the record reflected that no action had been taken by the plaintiff to locate Wright's registered agent. The court held that there was, therefore, error on the face of the record and that service on the secretary of state could not support the default judgment. *Wright Bros. Energy, Inc. v. Krough*, 67 S.W.3d 271, 274 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

There is nothing in the record to show what action Applied Survey took to find out Universal's address or the address of its registered agent after receiving Sampa's affidavit, but before attempting service on the secretary of state. Like the plaintiffs in *National Multiple Sclerosis Society–North*, *RWL Construction*, *General Office Outfitters*, *Maddison Dual Fuels*, *and Wright Brothers Energy*, Applied Survey failed to present any evidence of reasonable diligence in its affidavits. Although Applied Survey mentions "diligence" in its petition, it does not set out any verified facts to support reasonable diligence. Because there is nothing in the record to show that Applied Survey exercised reasonable diligence to obtain service, error exists on the face of the record, and service on the secretary of state cannot support the default judgment.

## IV.  This Court's Ruling

We agree with Universal that there is no evidence to show that Applied Survey exercised reasonable diligence to obtain service before it attempted service on the secretary of state.  We reverse the judgment of the trial court and remand for further proceedings.


MIKE WILLSON

JUSTICE


June 20, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.