**AFFIRM; and Opinion Filed June 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00048-CV

**KATY VENTURE, LTD. & KATY MANAGEMENT, L.L.C., Appellants**
**V.**
**CREMONA BISTRO CORP., Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-11023-M**

## OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lewis

Appellants Katy Venture, Ltd. and Katy Management, L.L.C. (together, "Katy")

challenge the trial court's judgment in favor of appellee Cremona Bistro Corp. ("Cremona") in

this bill of review proceeding. In three issues, Katy contends: (1) it raised genuine issues of

material fact with respect to whether Cremona properly served Katy with process in the

underlying lawsuit, so summary judgment was improper; (2) alternatively, Katy raised genuine

issues of material fact with respect to the elements of an equitable bill of review, making

summary judgment improper, and (3) Katy offered newly discovered evidence showing defective

service, so the trial court should have granted Katy's motion for new trial. We affirm the trial

court's judgment.

## Background

Cremona leased space and operated a restaurant in a commercial building owned by Katy. In 2008, a fire destroyed the building, including Cremona's restaurant and everything inside the restaurant. Cremona attempted to recover for its personal property from Katy's insurer; its claim was denied.

Cremona sued Katy, alleging Katy was responsible for the fire because it originated in an area under Katy's exclusive control. The day Cremona filed its original petition, it arranged for the clerk to serve Katy's registered agent, Joel Kommer, by certified mail, return receipt requested. Katy's registered address for service was 3525 Cedar Springs, in Dallas, Texas.[1] The citation for each of the two defendants was returned marked:

> Return to Sender.
> Not deliverable as addressed.
> Unable to forward

Cremona then hired a process server to attempt personal service at the address of the registered agent. The process server was unsuccessful, and his returns of service stated:

> Unexecuted for following reason: Defendant and its agent no longer at 3525 Cedar Springs, Ste. 100 [or Studio A], Dallas, TX 75219. Registered agent could not be found at the registered office using due diligence. Attempted 7/20/09.

Indeed, subsequent evidence showed the agent and Katy's business had moved more than two-and-one-half years before the attempted service, without updating the address of its registered agent. When personal service was not successful, Cremona arranged for Katy to be served by the Secretary of State. Katy did not answer the lawsuit, and Cremona obtained a default judgment for more than $820,000.

---

[1] Kommer was identified as the registered agent for both of the Katy entities. His registered addresses for the two entities were identical, except that one listed "Suite 100," and the other listed "Studio A," as the specific office for Kommer. Each attempt at service and each return of service included the correct specific office for the particular defendant.

Katy filed a petition urging an equitable bill of review and seeking to overturn the default judgment. Cremona filed a motion for summary judgment on that equitable claim, and the trial court granted the motion. The trial court held a bench trial on Cremona's claim for attorney's fees, but it ultimately denied recovery of fees and entered judgment that Katy take nothing on its claim. Katy filed a motion for new trial, which was denied.

Katy appeals, challenging the trial court's summary judgment on the equitable bill of review and the denial of the motion for new trial.

## Summary Judgment

Katy's first two issues challenge the trial court's summary judgment on its bill-of-review claim.

### *The Motion*

Cremona filed a traditional summary judgment motion seeking judgment in its favor on Katy's bill of review. Bill-of-review plaintiffs must ordinarily plead and prove three elements: a meritorious defense to the underlying cause of action; which the plaintiffs were prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake; unmixed with any fault or negligence on their own part. *In re M.C.B.*, 400 S.W.3d 630, 634 (Tex. App.—Dallas 2013, no pet.). In its petition, Katy asserted (a) it could establish all three of these elements, and (b) it had never been served with Cremona's Original Petition. Cremona's motion for summary judgment argued Katy could not establish any of the three elements necessary to prevail on its bill of review. Cremona's motion also contended that Katy had been properly served and that Katy's failure to maintain a presence at its registered address was both responsible for its failure to receive actual notice of the underlying lawsuit and fatal to its bill of review. Katy's summary judgment response focused on alleged defects in Cremona's efforts at

personal service and sought to raise a genuine issue of material fact as to the diligence with which Cremona attempted personal service.

*Standard of Review*

We review the grant of summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). In a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). We consider the evidence in the light most favorable to the nonmovant. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

*Reasonable Diligence*

In its first issue, Katy contends summary judgment was incorrect because it raised genuine issues of material fact on the question of proper service. Cremona attempted to serve Katy three times: by certified mail, in person, and through the Texas Secretary of State. The first two efforts were unsuccessful. It is undisputed that Cremona's service of Katy through the Secretary of State was properly executed. Katy argues, however, that Cremona was not entitled to serve Katy through the Secretary of State because Cremona did not expend proper diligence in its effort to serve Katy in person. Specifically, Katy contends it raised an issue of fact because the process server's return of service does not provide evidence that he tried hard enough to locate the registered agent when the agent was not at the registered address. Regardless of the legal basis for obtaining substituted service through the Secretary of State, that substituted service is only valid if the plaintiff first used reasonable diligence in seeking personal service on

–4–

the defendant. *See, e.g.,* TEX. BUS. ORG. CODE ANN. § 5.251(1)(B) (West 2012); TEX. R. CIV. P. 107(d).[2]

Cremona's summary judgment evidence included proof of each of its attempts to serve Katy. Cremona initially attempted to serve Katy by mail. The summary judgment record establishes Cremona paid the clerk and arranged to have Katy served by certified mail, return receipt requested at Katy's registered address. Thus, Cremona complied with its obligations under rule 106(a)(2). *See* TEX. R. CIV. P. 106(a)(2). The mailing was returned with a post office notation that it was undeliverable and could not be forwarded. (Cremona's summary judgment evidence established that Katy's forwarding order to the post office had expired.) Katy argues this first attempt at service failed to comply with rule 107 because "Cremona did not file a return from the District Clerk containing a signed return receipt." Katy relies on the rule's mandate requiring the clerk's return to contain the receipt signed by the addressee when that addressee is served by certified mail. *See* TEX. R. CIV. P. 107(c). But Katy was *not* served by certified mail; its agent was no longer located at its registered address, so there could be no receipt with the agent's signature. We conclude Cremona established its effort to serve Katy with citation by mail complied with the rules of civil procedure, and Katy failed to raise a genuine issue of material fact as to that compliance.

Cremona then made a second effort to serve Katy, this time with citation in person. Cremona sent a process server to Katy's registered address, but neither Katy's business nor its registered agent were there. Katy contends the server's return failed to show diligence because it did not indicate to whom the server spoke, whether he asked other tenants in the building about Kommer's whereabouts, or what else he did "to locate" Kommer. Katy alleges that Cremona

---

[2] Cremona cited section 5.251's predecessor, which applied to corporations, in its motion for default judgment. The Katy entities, which are a limited partnership and a limited liability company, argue Cremona's erroneous reference to this corporate statute should render the default judgment void. There is no requirement that a motion for default judgment contain citation to the statute under which substituted service was sought. *See* TEX. R. CIV. P. 239, 239a. Thus, any error in mis-citing a statutory basis for substituted service is harmless.

knew where its offices had moved and could have gone to that address to achieve service. Katy's summary judgment evidence even suggests the process server could have gone to the building where the fire had taken place and asked any remaining tenants where Kommer might be found. The statute does not require efforts to find the registered agent at any place other than at the entity's registered office. *BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 827 (Tex. App.—Eastland 2012, no pet.); *Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W.3d 31, 35 (Tex. App.—Houston [1st Dist.] 2003, no pet.). "Reasonable diligence may be shown by evidence that service of process was attempted but was unsuccessful because the address of the registered office no longer belonged to the registered agent at that time." *Autodynamics Inc. v. Vervoort*, 14-10-00021-CV, 2011 WL 1260077 (Tex. App.—Houston [14th Dist.] Apr. 5, 2011, no pet.) (mem. op.). Here, Cremona's return establishes its attempt to serve Katy personally was reasonably diligent because the process server went to the registered address, determined that Katy's business and its registered agent were no longer at that address, and was unable to find Katy's agent for process.[3] *See id.*

In Katy's effort to raise a fact issue on the propriety of Cremona's personal service, Katy relies on *General Office Outfitters, Inc. v. Holt*, 670 S.W.2d 748 (Tex. App.—Dallas 1984, no writ), in which this Court examined the diligence exercised in an attempt to serve citation and found that diligence wanting. The officer's return in *Holt* "indicated that the officer was unable to locate the agent" on a specific date and that citation was returned to the court. *Id.* at 749. We concluded the return failed to show how the officer was diligent in executing the service of citation and explaining the cause of his failure to accomplish the service. *Id.* For that reason, we said the return would not support service on the Secretary of State. *Id.* We discern a significant

---

[3] Katy argues that Cremona was required to amend its pleading to show the facts supporting substituted service on the Secretary of State. We disagree. Although the *record* must show facts supporting substituted service, there is no requirement that a plaintiff's pleadings include those facts. *BLS Dev.,* 359 S.W.3d at 827; *Collective Interests, Inc. v. Reagan Nat'l Adver.*, No. 03-08-00283-CV, 2010 WL 2977458, at *3 (Tex. App.—Austin July 29, 2010, no pet.).

difference between the officer's return in *Holt* and the return in the case before us. In *Holt,* the mere statement that the officer was "unable to locate" the agent tells us absolutely nothing about what the officer did or learned when he attempted to serve the citation. We do not know whether the agent was gone to lunch, gone for the day, or gone for good. In contrast, Cremona's process server explained that the defendant companies—and their agent—were no longer located at their registered address. He stated further that the registered agent "could not be found at the registered office using due diligence." Katy argues this return did not tell us what the process server did that amounted to due diligence, and we agree that it does not specify the actions he took. But the return does tell us what he learned: that the companies' offices—which were the registered agent's offices—were no longer occupied by the defendant companies. Whether he learned that because a different business was occupying the space or because no business was occupying the space, he could only learn it by investigating what was happening at that address. Regardless of how the process server discovered the facts, he learned that the Katy businesses and agent were no longer doing business at the address. Thus, the return explained the cause of his failure to accomplish the service. *See id.*

When we look at the entire summary judgment record, including Cremona's efforts to serve Katy by mail and in person, we conclude Katy failed to raise a genuine issue of material fact on the requirement of reasonable diligence. *See Maddison Dual Fuels, Inc. v. S. Union Co.*, 944 S.W.2d 735, 738 (Tex. App.—Corpus Christi 1997, no writ); *see also Nixon*, 690 S.W.2d at 548–49.

We overrule Katy's first issue.

### *Equitable Bill of Review*

In its second issue, Katy argues the trial court incorrectly granted summary judgment because it raised material fact issues on each of the three elements of an equitable bill of review.

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). As we noted above, bill-of-review plaintiffs must ordinarily plead and prove: (1) a meritorious defense to the underlying cause of action; (2) which the plaintiffs were prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake; (3) unmixed with any fault or negligence on their own part. *In re M.C.B.*, 400 S.W.3d at 634. Cremona's motion for summary judgment argued Katy could not establish any of the three elements necessary to prevail on its bill of review.

Katy's response to Cremona's motion addressed all three elements. Katy relied on legal arguments to raise a fact issue on its meritorious defense to Cremona's claims of breach of the implied warranty of habitability and negligence.[4] It argued it was unable to present its defenses because of Cremona's fraud in notifying the clerk of an incorrect mailing address for Katy, leading to the clerk's official mistake in failing to notify Katy of the default judgment. And it offered what it contended was undisputed summary judgment evidence that its failure to answer, participate in the litigation, and file post-trial motions was neither intentional nor the result of conscious indifference, referring to the standard it alleged should operate in this case.

When a bill-of-review plaintiff alleges it was not served with process, it does not have to prove the first two elements of its claim, but it must still establish the third element, i.e., that the trial court rendered the default judgment without any contributing fault or negligence on the plaintiff's part. *Id.* Katy argues that because it alleges an official mistake prevented it from challenging the default judgment, its burden on this element drops from showing an absence of negligence to showing an absence of intent or conscious indifference. Katy relies on *Clarendon*

---

[4] Katy argued there is no implied warranty of habitability in the context of a commercial lease. It argued further that Cremona's negligence claim was rooted in Katy's contractual duties, making the claim barred by the economic loss rule. Katy also contended that Cremona had misnamed Katy Venture, Ltd. in its petition. Because we are resolving Katy's second issue on another ground, we do not need to address these defensive theories.

*National Insurance Co. v. Thompson*, 199 S.W.3d 482 (Tex. App.—Houston [1st Dist.] 2006, no pet.) and *Hanks v. Rosser,* 378 S.W.2d 31 (Tex. 1964), which address mistakes by a clerk that prevented a default defendant from filing a motion for new trial. However, the "mistake" that Katy alleges was Cremona's failure to provide the clerk with Katy's current business address. We have reviewed all of Katy's arguments attempting to show Cremona knew or could have learned Katy's current mailing address, but we do not agree that Katy's summary judgment evidence has raised a genuine issue of fact concerning what Cremona actually knew or fraud in Cremona's certification to the clerk of Katy's last known mailing address. *See* TEX. R. CIV. P. 239a. Mere speculation or conjecture cannot defeat summary judgment. *Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 359 (Tex. App.—Dallas 2007, pet. denied).

In this case, then, Katy could only defeat summary judgment by raising a genuine issue of material fact as to whether its own negligence was involved in the rendition of the default judgment. But according to the Texas Supreme Court, a party that fails to update addresses for its registered agent and registered office is "negligent in failing to comply with its statutory duties." *Campus Inv., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004). It is undisputed that Katy did not update its addresses for its registered agent and registered office. Thus, as a matter of law, Katy's negligence was "mixed" with the factors leading to rendition of the default judgment. *See In re M.C.B.*, 400 S.W.3d at 634. Because Katy did not raise a genuine issue of material fact on the third element of its bill-of-review claim, summary judgment for Cremona was appropriate. *See Nixon*, 690 S.W.2d at 548–49.

We overrule Katy's second issue.

## Motion for New Trial

In its third issue, Katy contends the trial court erroneously denied its motion for new trial. The motion centers on an email offered by Katy as newly discovered evidence.[5] The email was sent by Cremona's attorney to the process server's employer, after service by mail was unsuccessful and before in-person service was attempted. The text of the email read:

> Attached is the Original Petition that I ordered citations for on Friday that should be ready for pick up at the Dallas County District Clerk's office sometime after 10 a.m. on Monday. I have two defendants to serve:
>
> 1. Katy Venture
>  REGISTERED AGENT INFORMATION
> Name:  JOEL KOMMER
> Address:   3525 CEDAR SPRINGS, SUITE 100
> DALLAS, TX 75219 USA
>
> 2. Katy Management, LLC:
> REGISTERED AGENT INFORMATION
> Name:  JOEL KOMMER
> Address:  3525 CEDAR SPRINGS, STUDIO A
> DALLAS, TX 75219, USA
>
> I tried to have both defendants served originally by having the Clerk mail the citation to these addresses. Both were returned, indicating that the offices are closed, but [I] can't tell from the postal return notations.
>
> If you catch the guy there, great. We're done.
>
> If you can't find him at that office and address let me know. We have to be careful how the return of service is worded if these entities no longer appear to have offices at this address. These kind of cases/defaults get reversed all the time.
>
> The return has to say/show that attempts were made to locate the registered agent at the registered office but that the registered agent cannot with reasonable diligence be found at the registered office. The fact that these companies are not listed in the building directory or shown on the door of this address is not sufficient, at least as I read the cases. The process server must attempt to determine if the registered agent is at the address, regardless of who occupies the space, and attempt to serve the agent there.

---

[5] The email was produced in response to a group of requests for production from Katy. Cremona originally objected to the requests, and they were made the subject of a motion to compel filed on August 31, 2012. The motion was heard on October 12, 2012, ten days before trial of this matter was set. The summary judgment motion had been heard on December 1 of the previous year and was still pending; the trial judge signed the order granting summary judgment on the same day as the hearing on the motion to compel.

Let me know if you have any questions.  Thanks.

Katy argues this email shows Cremona's effort at personal service was "fatally defective."

We review the denial of a motion for new trial for an abuse of discretion.  *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (per curiam); *El Dorado Motors, Inc. v. Koch*, 168 S.W.3d 360, 368 (Tex. App.—Dallas 2005, no pet.).  Under this standard, we may not overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles.  *El Dorado Motors, Inc.*, 168 S.W.3d at 368.  Every reasonable presumption will be made on review in favor of the trial court's refusal of a new trial.  *Id.*  When a motion for new trial is based on newly discovered evidence, the movant must establish that (1) the evidence has come to his knowledge since the trial, (2) it was not owing to want of due diligence that the evidence did not come to his attention sooner, (3) the evidence is not cumulative, and (4) the evidence is so material that it would probably produce a different result if a new trial were granted.  *Noell v. Crow-Billingsley Air Park Ltd. P'ship*, 233 S.W.3d 408, 419 (Tex. App.—Dallas 2007, pet. denied).

We conclude the fourth element of the *Noell* test is dispositive in this case.  The email at issue was a directive from Cremona's counsel, Anthony Petrocchi, to the process server.  Katy argues it shows Cremona did not comply with proper service procedures.  We disagree.  Instead, making every reasonable presumption in favor of the trial court's ruling, we understand the email to reinforce to the process server that—although mailed service had been unsuccessful at the address—the process server must still exercise diligence in trying to find the agent there and record his diligence on the return.  *See El Dorado Motors, Inc.*, 168 S.W.3d at 368.  Rather than showing Cremona did not comply with its obligations, the email instructs the server as to exactly what he must do to comply with the rules.  And by instructing the server, Cremona met its own obligations.  *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994) ("It is the

responsibility of the one requesting service, not the process server, to see that service is properly accomplished.").

Katy contends this email establishes Cremona knew it was attempting service at the wrong address and that service would be ineffective. On the contrary, the email establishes that—after return of the service by mail—Petrocchi had an "indicat[ion]" Kommer might be gone, but Petrocchi reported he could not tell whether that was true from the postal return notations. Moreover, the email expressly tells the server, "If you catch the guy there, great. We're done." When we look at the entire email, it is apparent Petrocchi was properly directing the process server and was hopeful service would be completed through his efforts.

We conclude the email would not have raised a genuine issue of material fact if it had been included in the summary judgment evidence. Thus, it could not have produced a different result if a new trial were granted. *See Noell*, 233 S.W.3d at 419. The trial court did not err in denying the motion for new trial.

We overrule Katy's third issue.

## Conclusion

We have decided each of Katy's issues against it. We affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

130048F.P05

–12–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

KATY VENTURE, LTD. & KATY
MANAGEMENT, L.L.C., Appellants

No. 05-13-00048-CV  V.

CREMONA BISTRO CORP., Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-11023-M.
Opinion delivered by Justice Lewis,
Justices Lang-Miers and Myers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee CREMONA BISTRO CORP. recover its costs of this
appeal from appellants KATY VENTURE, LTD. & KATY MANAGEMENT, L.L.C..

Judgment entered this 30th day of June, 2014.