# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00746-CV

**Comal & Co., LLC, Appellant**

**v.**

**Michelle Mays, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF COMAL COUNTY
### NO. 2017CVA0011, HONORABLE RANDAL C. GRAY, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

This is a restricted appeal from a default judgment rendered by the county court at law of Comal County in a breach of contract and deceptive trade practices case involving a roof-repair dispute. Appellant is Comal & Co., LLC. Appellee is Michelle Mays. This Court will vacate the judgment.

After Comal made no appearance, the trial court rendered a default judgment for Mays in the total sum of $22,713.56. Comal argues, in effect, that because it was not properly served, the default judgment is void. We agree.

Mays asserts that between January and May 2017 she made several attempts to serve Comal personally and also to serve its registered agent by certified mail. On April 17, 2017, Mays's process-server filed an affidavit declaring that he personally delivered the Mays citation and petition by certified mail to Comal through its registered agent, Rory Closson, at 197 Acacia Parkway,

Spring Branch, Texas 78070. However, Comal's registered office is not 197 Acacia Parkway; instead, the correct address is 1597 Acacia Parkway.

In May 2017, Mays sent a copy of the citation and petition in her suit to the secretary of state requesting service on Comal. Section 5.251(1)(B) of the Texas Business Organizations Code provides that the secretary of state is an agent of an entity for purposes of service of process when the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity.

The record contains a certificate from the secretary of state's office reciting that it received a copy of the citation and Mays's petition on May 10, 2017, and that such was forwarded by certified mail to Comal's registered agent, Rory J. Closson, at 1597 Acacia Parkway, Spring Branch, Texas 78070. The process was returned to the secretary of state on June 9, 2017, bearing the notation "Return to Sender, Unclaimed, Unable to Forward."

Thereafter, Mays filed with the trial court a motion for substituted service. After hearing, the trial court found that service of citation on Comal was accomplished by serving the secretary of state.

When a default judgment is directly attacked by a restricted appeal, the record must reflect strict compliance with the rules relating to the issuance, service, and return of citation. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965). In restricted appeals, there are no presumptions in favor of valid issuance, service, and return of citation. *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573 (Tex. 2006).

2

Mays asserts, and the trial court found after hearing, that "service of citation was accomplished upon the Secretary of State on May 10, 2017." However, the secretary of state is agent of an entity for service of process only "if the registered agent of the entity cannot with *reasonable diligence* be found *at the registered office of the entity*." Tex. Bus. Orgs. Code § 5.251(1)(B) (emphases supplied).

Here, Mays's process-server attested to providing service by certified mail, not to Comal's registered office address, but instead, to a wrong address. Moreover, the process-server's affidavit wholly fails to state any diligence employed, reasonable or not, in attempting to locate the registered agent at Comal's registered office.

In an apparent effort to demonstrate global diligence, Mays states in her brief that her attorney unsuccessfully requested opposing counsel to waive service of citation. She also asserts that she attempted personal service twice upon Comal. But to support a default judgment based upon substituted service pursuant to section 5.251(1)(B), the record must show that reasonable diligence was used in seeking service on the registered agent of the entity at its registered office. *See RWL Constr., Inc. v. Erickson*, 877 S.W.2d 449, 451 (Tex. App.—Houston [1st Dist.] 1994, no writ); *General Office Outfitters, Inc. v. Holt*, 670 S.W.2d 748, 749 (Tex. App.—Dallas 1984, no writ).

Because the attempted service of citation upon Comal is invalid and of no effect, the trial court acquired no personal jurisdiction over Comal and the default judgment is void.

The default judgment is vacated and the cause is remanded to the trial court for further proceedings. *See Wachovia Bank of Del., N.A. v. Gilliam*, 215 S.W.3d 848, 851 (Tex. 2007) (per curiam) (vacating default judgment and remanding for further proceedings).

3

_____

Bob E. Shannon, Justice

Before Justices Goodwin, Field, and Shannon*

Vacated and Remanded

Filed:   June 12, 2018

*  Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).