**AFFIRM; Opinion issued April 11, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

———————————————

## No. 05-10-00158-CV

———————————————

## IN THE INTEREST OF M.C.B.

═══════════════════════════════════════════════

**On Appeal from the 330th District Court**
**Dallas County, Texas**
**Trial Court Cause No. 09-17669-Y**

═══════════════════════════════════════════════

# OPINION ON REHEARING

Before Justices Bridges, Francis, and Evans[1]
Opinion By Justice Bridges

Before the Court is Michelle Huffman's motion for rehearing. We grant Huffman's motion. We withdraw our opinion and vacate our judgment of February 28, 2012. The following is now the opinion of the Court.

Michael Burtelow appeals the trial court's summary judgment in favor of Michelle Huffman on Burtelow's bill of review following the trial court's default judgment in favor of Huffman. In a single issue, Burtelow argues the trial court erred in granting summary judgment because he was not properly served with the underlying petition to modify the parent-child relationship and, therefore, the trial court never had jurisdiction over him. We affirm the trial court's judgment.

---

[1] The Honorable Joseph B. Morris participated in the original submission of this cause. The Honorable David Evans succeeded Justice Morris. Justice Evans has reviewed the record and briefs in this cause.

M.C.B. is the child of Burtelow and Huffman. In June 2009, Huffman filed a petition to modify the parent-child relationship. Huffman sought and obtained an order providing service on Burtelow would "be effected by attaching and affixing the citation to the front door of the apartment located at" Burtelow's address. Process server Frank Clabough had attempted to serve Burtelow on five separate occasions without success. Clabough served the citation and petition to Burtelow's address and stated on the return of service affidavit that the delivery was made "by 106 to door of" Burtelow's address. Burtelow did not answer Huffman's petition.

The trial court conducted a hearing on July 21, 2009 at which Burtelow did not appear. Among other evidence related to a requested change in managing conservatorship, Huffman presented the testimony of Clabough. Clabough testified he securely fastened the citation to Burtelow's door with "duc [sic] tape." The next day, Clabough returned to Burtelow's residence, and the citation was no longer attached to the door. Clabough affixed a second copy of the citation to Burtelow's door "just because." Clabough talked with "the apartment people" where Burtelow lived, and they confirmed he still lived at the address.

Following the hearing, the trial court rendered a default judgment, an order modifying the parent-child relationship. Burtelow ultimately filed a petition for bill of review in which he argued he did not receive notice of the July 21, 2009 hearing and asked that the July 21, 2009 order be set aside. Huffman filed a traditional motion for summary judgment arguing Burtelow was not entitled to notice of the default judgment hearing because he had not filed an answer. The trial court granted Huffman's motion for summary judgment, and this appeal followed.

In his sole issue, Burtelow argues the trial court erred in granting summary judgment denying his bill of review. Specifically, Burtelow asserts the return of service did not strictly comply with the rules of civil procedure because the trial court's order required the citation to be

attached or affixed to his door, and the return stated it was executed "by 106 to door."

The standard of review for a traditional summary judgment is well known. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). Strict compliance with the Texas Rules of Civil Procedure relating to the issuance, service, and return of citation must be shown on the face of the record or the attempted service of process will be rendered invalid and of no effect. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985). Texas Rule of Civil Procedure 106 authorizes a court to order a substitute method of service. TEX. R. CIV. P. 106(b). "Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court." TEX. R. CIV. P. 107.

In her motion for rehearing, Huffman argues this Court's prior opinion relied erroneously on *Dolly v. Aethos Commc'n Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.), a case involving a restricted appeal, not a bill of review. We agree. After further review of the relevant cases and authorities, we conclude *Dolly* is not dispositive of this appeal. Specifically, in this appeal from a bill of review, we conclude the trial court in this case was free to look beyond the face of the record and consider evidence relevant to the issue of whether Burtelow was served with process in compliance with the order authorizing substitute service.

A restricted appeal, as in *Dolly*, is filed directly in an appellate court. TEX. R. APP. P. 30; *see Dolly*, 10 S.W.3d at 386. As in any other appeal, the appellate court does not take testimony or receive evidence. *Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 573 (Tex. 2006) (discussing differences between restricted appeals and appeals from motions for new trial or bills of review). In a restricted appeal, defective service of process constitutes error apparent on the face of the record. *Dolly*, 10 S.W.3d at 388. In such appeals, there are no presumptions in favor of valid issuance, service, and return of citation. *Drewery Constr.*, 186

S.W.3d at 573 (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)). Circumstances require this last rule, because presumptions can neither be confirmed nor rebutted by evidence in an appellate court. *Drewery Constr.*, 186 S.W.3d at 573; *see Dolly*, 10 S.W.3d at 388.

In contrast, when a default judgment is attacked by motion for new trial or bill of review in the trial court, the record is not so limited. *Drewery Constr.*, 186 S.W.3d at 573-74. In those proceedings, the parties may introduce affidavits, depositions, testimony, and exhibits to explain what happened. *Id.* at 574 (citing *Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004)).

We begin by considering what a bill of review plaintiff must prove when claiming lack of service of process. A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979)). Bill of review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. *Caldwell*, 154 S.W.3d at 96 (citing *Baker*, 582 S.W.2d at 406-08).

Bill of review plaintiffs claiming non-service, however, are relieved of two elements ordinarily required to be proved in a bill of review proceeding. *Caldwell*, 154 S.W.3d at 96. First, if a plaintiff was not served, constitutional due process relieves the plaintiff from the need to show a meritorious defense. *Id.* (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86-87 (1988) (holding that the meritorious defense requirement in a bill of review proceeding violates due process where the bill of review plaintiff has no notice of the proceeding in which the default

−4−

judgment was rendered).  Second, the plaintiff is relieved from showing that fraud, accident, wrongful act, or official mistake prevented the plaintiff from presenting such a defense. *Caldwell*, 154 S.W.3d at 97.

Bill of review plaintiffs alleging they were not served, however, must still prove the third and final element required in a bill of review proceeding that the judgment was rendered unmixed with any fault or negligence of their own.  *Id.*  This third and final element is established if the plaintiff can prove that he or she was never served with process.  *Id.*  An individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered. *Id.*  Proof of non-service, then, will conclusively establish the third and only element that bill of review plaintiffs are required to prove when they are asserting lack of service of process as their only defense.  *Id.*

Here, Burtelow was served using substitute service under rule 106.  The return of service affidavit indicated the process server delivered a copy of the citation and petition "by 106 to door of" Burtelow's address.  However, the process server, Clabough, testified at the default judgment hearing that he did duct-tape the citation to the front door of Burtelow's residence.  Thus, Huffman argues, the trial court could have considered the process server's testimony in concluding that the requirements in the order authorizing substitute service were strictly followed.  In making this argument, Huffman cites *Higginbotham v. General Life and Accident Insurance Company*, 796 S.W.2d 695, 696-97 (Tex. 1990) for the proposition that the facts in this case established service in strict compliance and impliedly amended the return.  *Higginbotham* involved a suit against two insurance companies.  The return on both citations stated they were served "at 12:01 o'clock p.m." on a Tuesday in March.  *Id.* at 695-96.  At the time of service, the insurance code allowed service "at the home office of such company during business hours."  *Id.* at 695.  The

court concluded the trial court properly took judicial notice that service at 12:01 p.m. on a Tuesday was "during business hours" and entered an order that service complied with the requirements of the insurance code *Id.* at 696. Further, the trial court's finding that service was proper under the insurance code "necessarily also found that service was made 'during business hours.'" *Id.* Because the trial court had express authority to allow amendment of the return to reflect the service that was actually had, the court "[saw] no point in requiring the trial judge to sign a separate order labeled 'Order Granting Amendment of Return.'" *Id.* at 696-97. The court noted that, if the alleged defect in service had been raised before the trial court, it might have been immediately cured by amendment." *Id.* at 697.

In reaching its conclusion, the court in *Higginbotham* noted that its holding should not be mistaken as a retreat from the line of cases holding that the record of service supporting a default judgment must show strict compliance with the rules governing service of process. *Id.* However, the court stated:

> Most of these opinions addressing the requirement that the record show strict compliance are writ of error [now, restricted appeal] attacks on default judgments. In such cases there is no record of service other than the citation return, and its recitations, taken as true, must show strict compliance with service requirements. We are not to be understood as holding that the citation return alone in this case would have been sufficient to show valid service. Our holding in this case is restricted to situations in which there is a record (such as the evidence at the hearing on motion for new trial) showing strict compliance with a valid method of service and an order expressly amending the return or that is tantamount to an order amending the return of citation.

*Id.* Based on the foregoing, we conclude the trial court could consider Clabough's testimony that he taped the service in this case to Burtelow's door, in strict compliance with the trial court's order authorizing substitute service. *See id.* Thus, Burtelow failed to establish the return of service did not strictly comply with the rules of civil procedure because the trial court's order required the citation to be attached or affixed to his door, and the return stated it was executed "by 106 to door." Under these circumstances, the trial court did not err in granting summary judgment in favor of Huffman. *See Nixon,* 690 S.W.2d at 548. We overrule Burtelow's sole issue.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

100158HF.P05



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

IN THE INTEREST OF M.C.B.

No. 05-10-00158-CV          V.

On Appeal from the 330th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-09-17669-Y.
Opinion delivered by Justice Bridges,
Justices Francis and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MICHELLE HUFFMAN recover her costs of this appeal from appellant MICHAEL BURTELOW.

Judgment entered April 11, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE