**AFFIRM; Opinion Filed April 17, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01537-CV

**MARSHA, JERRY, AND JASON CHAMBERS, Appellants**

V.

**TEXAS DEPARTMENT OF TRANSPORTATION, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 88069-422**

## MEMORANDUM OPINION
Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Stoddart

This is an appeal of an order granting the Texas Department of Transportation's (TxDOT) motion filed pursuant to rule 91a of the Texas Rules of Civil Procedure. In five issues, Marsha, Jerry, and Jason Chambers argue the trial court erred by granting the motion to dismiss and by dismissing their petition for a bill of review. We affirm the trial court's order.

BACKGROUND

This Court previously considered the merits of the Chambers's lawsuit against TxDOT. The Chambers sued TxDOT after Jerry Chambers was injured while riding his motorcycle on a state highway. TxDOT filed a plea to the jurisdiction, which the trial court granted. An appeal ensued. This Court affirmed the trial court's judgment granting TxDOT's plea to the jurisdiction, determining sovereign immunity barred the Chambers's claims against TxDOT. *See*

*Chambers v. Tex. Dep't of Transp.*, No. 05-11-00519-CV, 2012 WL 1744706 (Tex. App.—

Dallas May 16, 2012, pet. denied) (mem. op.) (*Chambers I)*.

After our *Chambers I* opinion issued, the Chambers filed a petition for bill of review

arguing the trial court and this Court misinterpreted and misapplied Texas statutory law to their

case and, as a result, violated their constitutional right to maintain their lawsuit against TxDOT.

TxDOT filed a motion to dismiss pursuant to rule 91a of the rules of civil procedure, which the

trial court granted. In its order, the trial court stated:

> The record shows said Bill of Review is invalid in fact and law. [The Chambers] have raised no issues of law that could be pertinent to any cause of action that has not already been litigated. [The Chambers] have presented no new arguments or evidence of fact that have not already been determined as the law of the case. Based on principles of res judicata and the law of the case, the condition of the premises as complained of by [The Chambers] did not constitute a special defect. The evidence argued by [The Chambers] is merely repetitive of the evidence that was presented and argued at and before the appeal. No new evidence is offered that could support any possible cause of action against TxDOT. No reasonable diligence is alleged or shown for failing to offer any evidence at and before the time of the hearings below and the appeal thereof. No extrinsic fraud is alleged or shown that would have precluded [The Chambers] from presenting prima facie evidence to make out a fact question that would necessitate a finding by a jury (if [The Chambers] ever had obtained any such evidence). No basis is alleged or evidenced that would justify tolling the statute of limitations or reopening the determination of this case, which has become final.

Through their request for a bill of review in the trial court and now in five issues on

appeal, the Chambers seek reconsideration of the issues already decided.[1] The basis for the

Chambers's complaints on appeal and their arguments in favor of a bill of review are the

"Official Mistakes and the Fundamental but Remediable Errors of Law made by the Trial Court

and the Appellate Court," "Official Mistakes of Law when both the Courts Misinterpreted the

Legislative Intent of the Applicable State Statutes," "the Trial Court and the Appellate Court

---

[1] The Chambers appear pro se. We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.*B., 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id.* at 212.

made Official Judicial Mistakes during both of the Courts Prior Legislative Intent Interpretations of the Applicable State Statutes," and the "Fundamental Error of Law made by the Trial Court and the Appellate Court which also Violated the Plaintiffs Due Process of Law Rights under the Texas Constitution."

LAW & ANALYSIS

Rule 91a allows a party to file a motion to dismiss a baseless cause of action on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id*. The motion must identify each cause of action to which it is addressed and specifically state the reasons the action has no basis in law, no basis in fact, or both. TEX. R. CIV. P. 91a.2. We review the trial court's determination of whether a cause of action has any basis in law and in fact de novo based on the allegations of the live petition and any attachments thereto. *Wooley v. Schaffer*, 447 S.W.3d 71, 73–77 (Tex. App—Houston [14th Dist.] 2014, no pet.); *City of Dallas v. Sanchez*, 449 S.W.3d 645, 649 (Tex. App.—Dallas 2014, no pet.) (applying de novo standard of review to ruling on Rule 91a motion to dismiss). "In conducting our review, . . . we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *Wooley*, 447 S.W.3d at 76; *see also Sanchez*, 449 S.W.3d at 649.

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *In re M.C.B.*, 400 S.W.3d 630, 633-34 (Tex. App.—Dallas 2013, no pet.) (citing *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004)). The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become

final at some point. *Transworld Fin. Serv. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987). "Generally, bill of review relief is available only if a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment and, through no fault of its own, has been prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party." *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam). To set aside a judgment by bill of review, the petitioner must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. *In re M.C.B.*, 400 S.W.3d at 633-34 (citing *Caldwell*, 154 S.W.3d at 96). A bill of review may not be used as an additional remedy by a litigant who has made a timely but unsuccessful appeal. *McIntyre v. Wilson*, 50 S.W.3d 674, 690 (Tex. App.—Dallas 2001, pet. denied) (citing *Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980)).

The Chambers have not shown they are entitled to a bill of review. Their sole argument is this Court misapplied and misinterpreted statutory provisions in *Chambers I*, which allegedly caused the deprivation of their constitutional rights, and they seek to rehash the facts of their case even though we concluded sovereign immunity bars their claims. The Chambers's petition is merely an attempt to relitigate issues already decided. *See id.*

The Chambers diligently pursued all legal remedies in *Chambers I*, including appeal of their case to the Texas Supreme Court where their petition for review was denied, and they have not been prevented from asserting any claims or defenses in their underlying action. *See Herrera*, 11 S.W.3d at 927; *Nabelek v. C.O. Bradford*, No. 14-04-01177-CV, 2006 WL 915824, at *2 (Tex. App.—Houston [14th Dist.] Apr. 6, 2006, pet. denied) (mem. op., not designated for publication) (affirming denial of bill of review where party timely but unsuccessfully appealed

the same alleged errors underlying the bill of review and thus was not prevented from asserting claims or defenses). In *Chambers I*, we gave full consideration to whether the Chambers could pursue their lawsuit against TxDOT, concluding they could not because TxDOT is protected by sovereign immunity. Because the Chambers timely but unsuccessfully appealed the issues underlying their petition for a bill of review, they cannot show they have been prevented from making a claim or defense, and, accordingly, they cannot utilize a bill of review. *See Rizk*, 603 S.W.2d at 776; *see also Nabelek*, 2006 WL 915824, at *2; *McIntyre*, 50 S.W.3d at 680. Although the Chambers may believe they were prevented from pursing their claims against TxDOT, they were not precluded from doing so because of fraud, accident, or a wrongful act of an opposing party. *See Chambers*, 2012 WL 1744706, at *8. TxDOT's sovereign immunity is not subject to relitigation through a bill of review.

Because the Chambers cannot use the bill of review as an additional remedy following their unsuccessful appeal, we conclude the trial court did not err by determining the Chambers's petition has no basis in law. *See Rizk*, 603 S.W.2d at 776; *McIntyre*, 50 S.W.3d at 679. Even if all of the Chambers's allegations are taken as true, the Chambers are not entitled to the relief they seek. *See* TEX. R. CIV. P. 91a. We overrule the Chambers's issues.

CONCLUSION

We affirm the trial court's order dismissing Chambers's petition for a bill of review.


131537F.P05


/ Craig Stoddart/
CRAIG STODDART
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARSHA JERRY AND JASON
CHAMBERS, Appellants

No. 05-13-01537-CV     V.

TEXAS DEPARTMENT OF
TRANSPORTATION, Appellee

On Appeal from the 422nd Judicial District
Court, Kaufman County, Texas
Trial Court Cause No. 88069-422.
Opinion delivered by Justice Stoddart.
Justices Lang and Schenck participating.

In accordance with this Court's opinion of this date, the trial court's August 1, 2013 order dismissing appellants' bill of review is **AFFIRMED**.

It is **ORDERED** that appellee Texas Department of Transportation recover its costs of this appeal from appellants Marsha, Jerry, and Jason Chambers.

Judgment entered this 17th day of April, 2015.