**AFFIRM; and Opinion Filed June 21, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00582-CV

**TRACY NIXON, Appellant**
**V.**
**ATTORNEY GENERAL OF TEXAS, TEXAS COMPTOLLER OF PUBLIC ACCOUNTS, TEXAS HOUSE OF REPRESNTATIVES, GOVERNOR OF TEXAS, AND KIMBERLYN RHYNES, Appellees**

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-16-01234**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Schenck

Tracy Nixon appeals the trial court's decision denying his petition for bill of review, which sought to set aside a 2012 order enforcing his obligation to pay child support to Kimberlyn Rhynes. In several issues, Nixon asserts the trial court erred by denying his right to a jury trial, refusing to grant a default judgment against Rhynes, converting a pre-trial hearing into a hearing on the merits, failing to set a docket control order, striking Nixon's third amended petition, permitting the Attorney General to file a supplemental answer, denying Nixon's motion to transfer venue, failing to make findings of fact and conclusions of law in connection with an order declaring Nixon to be a vexatious litigant, denying Nixon's motion for new trial, and failing to sever claims in this case. Nixon also urges that the cumulative errors merited reversal of the trial court's order. We affirm.

## BACKGROUND

In 2001, the trial court ordered Nixon to pay child support to Rhynes, his children's mother. Nixon failed to pay as ordered, and in 2005, the trial court rendered an arrearage judgment against him ("2005 Order"). Nixon continued to fail to pay the ordered amounts of child support. The Attorney General filed a motion on behalf of Rhynes to enforce the 2005 Order. While the proceeding was pending, Nixon filed for voluntary bankruptcy protection and notified the trial court of that filing. The trial court did not stay the proceedings, and instead on April 23, 2012, the trial court entered an order rendering another arrearage judgment, finding him in contempt, committing him to the county jail for 180 days, and suspending his barber's license until further order of the court ("2012 Order").

Nixon filed a petition for writ of habeas corpus, which this Court denied. *See In re Nixon*, 05-12-01387-CV, 2013 WL 873818, at *1 (Tex. App.—Dallas Jan. 3, 2013, orig. proceeding) (mem. op.). Nixon then appealed the 2012 Order to this Court, arguing the trial court should have stayed the proceedings pending the outcome of his bankruptcy. *See Nixon v. Office of Attorney Gen. of Texas*, 05-12-01065-CV, 2013 WL 4781535, at *1 (Tex. App.—Dallas Aug. 5, 2013, pet. denied) (mem. op.). We resolved Nixon's issues against him and affirmed the trial court's judgment. *See id.*

In 2016, Nixon filed a petition for a bill of review to set aside the 2012 Order, naming the Attorney General as a defendant. He later amended his petition to add the Governor of Texas, the Texas House of Representatives, and the Texas Comptroller of Public Accounts as defendants.[1] On the Attorney General's motion and after conducting a hearing, the trial court signed an order

---

[1] Although none of the pleadings purport to name Rhynes as a party, we note that the Attorney General proceeded on her behalf in the proceedings resulting in the 2012 Order, the parties and the trial court judge refer to having noticed or otherwise notified Rhynes of the proceedings in the petition for bill of review, and the docket includes Rhynes as a party.

–2–

that declared Nixon to be a vexatious litigant and required him to obtain permission from a local administrative judge prior to filing new litigation and to provide a $300 security.

Nixon filed a third amended petition, adding a claim for $10 million in damages. The Attorney General moved to strike Nixon's third amended petition as untimely and because Nixon failed to comply with the order declaring him to be a vexatious litigant by failing to obtain permission from the local administrative judge prior to filing new litigation. The trial court signed an order striking Nixon's third amended petition.

The trial court conducted two further hearings, at which Nixon argued the trial court erred in issuing the 2012 Order, which he urged was void because it was issued in violation of the automatic stay imposed during the bankruptcy proceedings. At the conclusion of the second hearing, the trial court signed an order denying the petition for bill of review. Nixon filed this appeal.

## DISCUSSION

We liberally construe pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id.* at 212. The law is well established that, to present an issue to this Court, a party's brief shall contain, among other things, a concise, non-argumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1. Bare assertions of error, without argument or authority, waive error. *In re N.E.B.*, 251 S.W.3d at 212. When a party, despite notice and an opportunity to cure, fails to adequately brief a complaint, he waives the issue

on appeal. *See Bertaud v. Wolner Indus.*, No. 05-15-00620-CV, 2017 WL 1360197, at \*2 (Tex. App.—Dallas Apr. 12, 2017, pet. dism'd) (mem. op.).

The record shows that after Nixon filed his appellate brief, this Court notified him of several briefing deficiencies. Nixon filed a motion requesting the appeal be allowed to proceed on his uncorrected brief, which this Court granted. The Attorney General filed a responsive brief on behalf of its own office, the Comptroller, and the House of Representatives. The Attorney General was able to discern and address eleven issues in Nixon's brief. Applying to Nixon's brief the liberal construction accorded to him under the appellate rules and our prior authority, we construe Nixon's brief to present fifteen issues.

## I.      Automatic Stay

In his first issue, Nixon urges the trial court in the underlying case erred by ordering him to pay child support and by ordering his barber's license suspended in violation of the automatic stay imposed by the ongoing bankruptcy proceeding.

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *In re M.C.B.,* 400 S.W.3d 630, 633–34 (Tex. App.—Dallas 2013, no pet.). The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must be accorded finality. *Transworld Fin. Serv. Corp. v. Briscoe,* 722 S.W.2d 407, 407 (Tex. 1987). Generally, bill of review relief is available only if a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment and, through no fault of its own, has been prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party. *Wembley Inv. Co. v. Herrera,* 11 S.W.3d 924, 927 (Tex.1999) (per curiam).

To set aside a judgment by bill of review, the petitioner must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. *In re M.C.B.,* 400 S.W.3d at 633–34. A bill of review may not be used as an additional remedy by a litigant who has made a timely but unsuccessful appeal. *McIntyre v. Wilson,* 50 S.W.3d 674, 679 (Tex. App.—Dallas 2001, pet. denied). As noted above, Nixon filed both an unsuccessful petition for writ of habeas corpus and an unsuccessful appeal of the 2012 Order. Further, the authority he relies upon here existed at the time of both proceedings in this Court. *See In re Small*, 286 S.W.3d 525, 529 (Tex. App.—Houston [14th Dist.] 2009), orig. proceeding).[2] Thus, bill of review relief is not available to Nixon. *See id.*

Accordingly, we overrule Nixon's first issue.

## II. Default Judgment

We construe Nixon's second and fifth issues to argue the trial court erred by denying him a default judgment against the appellees who failed to appear at trial. He argues Rhynes failed to file an answer or to appear at the trial conducted on April 19, 2017. Nixon also urges that other appellees failed to appear at trial. The record reflects Nixon filed and later withdrew a motion for no-answer default judgment against the Attorney General. The record contains no other motion for default judgment other than the one asserted against Rhynes. Accordingly, he has not preserved any issue regarding a default judgment against any appellee other than Rhynes. *See* TEX. R. APP. P. 33.1(a)(1) (requiring party to make complaint to trial court by timely, request, objection, or

---

[2] Moreover, we conclude Nixon's reliance on *In re Small* is misplaced. Section 362(b)(1) of the bankruptcy code provides the filing of a bankruptcy petition does not operate as a stay of the commencement or continuation of a criminal action or proceeding against the debtor. 11 U.S.C. § 362(b)(1). The distinction between civil and criminal contempt is based on the nature and purpose of the penalty imposed. *Ex parte Johns*, 807 S.W.2d 768, 770 (Tex. App.—Dallas 1991, orig. proceeding). The key feature that distinguishes criminal contempt from civil contempt is that its penalty is unconditional. *Id.* at 771. *In re Small* involved an order stating the appellant was sentenced to jail for criminal contempt but was found actually to operate as a civil contempt order because it provided relator could avoid jail time by making installment payments to his former spouse. 286 S.W.3d 525, 529 (Tex. App.—Houston [14th Dist.] 2009), orig. proceeding). Unlike the order in *In re Small*, the 2012 Order committed Nixon to the county jail for 180 days and provided no opportunities for Nixon to probate that sentence. *See id.* at 529. Thus, Nixon was held in criminal contempt.

motion in order to preserve complaint for appellate review).  Moreover, Nixon has not cited—and we have not found—any authority to support granting a default judgment in a bill of review proceeding.

Accordingly, we overrule Nixon's second and fifth issues.

## III.    Demand for Jury Trial

In his third issue, Nixon urges the trial court erred by denying his demand for a jury trial. We review a trial court's denial of a jury demand for an abuse of discretion.  *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).  In conducting an abuse of discretion review, we examine the entire record.  *Id.*  We only find an abuse of discretion when the trial court's decision is arbitrary, unreasonable, and without reference to guiding principles.  *Id.*  To be entitled to a jury trial, a party must timely (1) file a written request for a jury trial thirty days before trial and (2) either pay the jury fee or file an affidavit of inability to pay the fee.  *See* TEX. R. CIV. P. 216, 217.  A party may demand a jury trial in an equitable bill of review proceeding.  *Martin v. Martin*, 840 S.W.2d 586, 591–92 (Tex. App.—Tyler 1992, writ denied).  A refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified.  *Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex. 1991).

Nixon's sole argument that the trial court abused its discretion is that a trial court cannot disregard its own pretrial order setting the case on the jury docket.  The only pretrial order in the record shows the language regarding "jury trials" had been stricken through.  Additionally, at more than one hearing, the trial court denied Nixon's request for a jury trial on the stated grounds that a bill of review is an equitable proceeding and that there was no question of fact for a jury to determine.  Nixon's petitions and stated reasons for setting aside the 2012 Order all relied on a legal argument—that it was error for the 2012 Order to be entered in violation of the automatic bankruptcy stay.  Even assuming the trial court incorrectly denied Nixon's demand for a jury trial

on the ground that one was not available for an equitable bill of review proceeding, any error was harmless because the record does not reflect that any material fact issues existed in this case to be decided by a jury. *C.f. Halsell*, 810 S.W.2d at 372.

Accordingly, we overrule Nixon's third issue.

## IV. Vexatious Litigant

In his fourth and fifteenth issues, Nixon urges that the trial court erred by declaring him to be a vexatious litigant and by not issuing any findings of fact or conclusions of law regarding that order. Nixon contends that he made the requisite requests for findings of facts and conclusions of law such that the trial court had a mandatory duty to file the same.

Even assuming Nixon timely filed requests for findings of fact and conclusions of law regarding the order declaring him to be a vexatious litigant, they are not required when, as here, the vexatious litigant issue was not tried in a conventional bench trial. *See Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 802 (Tex. App.—Dallas 2006, pet. denied), opinion supplemented on denial of reh'g (May 5, 2006). Also, the vexatious litigant statute does not require written findings of fact and conclusions of law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.054. Further, Nixon does not direct us to—and we do not find—any cases addressing whether, on timely request, a trial court is required to file written findings of fact and conclusions of law respecting its order declaring a plaintiff to be a vexatious litigant.

Even assuming, without deciding, findings and conclusions were required under these circumstances, Nixon would have to show harm in order to obtain the relief he requests. Nixon correctly cites the general rule that "an appellant is harmed if the circumstances of the particular case require the appellant to guess at the reasons for the trial court's decision." *See Larry F. Smith, Inc. v. The Weber Co.*, 110 S.W.3d 611, 614 (Tex. App.—Dallas 2003, pet. denied). However, if there is only a single ground of recovery or a single defense, an appellant does not usually have to

guess at the reasons for the trial court's judgment. *See id.* Here, the Attorney General moved to declare Nixon a vexatious litigant pursuant to section 11.054 of the civil practice and remedies code. *See* CIV. PRAC. & REM. CODE ANN. § 11.054. The order granting the Attorney General's motion declaring Nixon to be a vexatious litigant cited to the same section of the civil practice and remedies code. We conclude that this record is similar to that where there is only a single ground of recovery or defense and that Nixon did not need to guess at the reasons for the trial court's order and, thus, suffered no harm. *See Larry F. Smith, Inc.*, 110 S.W.3d at 614.

Accordingly, we overrule Nixon's fifteenth issue.

As for Nixon's fourth issue, he includes no authority, evidence in the record, or arguments, as required by appellate rule 38.1, to support his "issue" that the trial court erred by making "erroneous rulings on declaring Tracy Nixon a vexatious litigant." When, as here, a party, despite notice and an opportunity to cure, fails to adequately brief a complaint, he waives the issue on appeal. *See Bertaud*, 2017 WL 1360197, at *2. As discussed above, Nixon was notified his brief was deficient, declined to correct it, and instead requested this Court consider his brief unmodified. Accordingly, Nixon has waived his fourth issue. *See id.*[3]

## V. Converting Pre-trial Hearing to Trial

In his sixth issue, Nixon contends the trial court set a hearing for pre-trial conference on March 24, 2017, and then erroneously converted the pre-trial conference into a trial on the merits without notice to him and in violation of his right to due process. The record reflects that the trial court's docket identified the hearing to take place on March 24, 2017, as "bench trial," the pretrial order set trial for January 26, 2017, and Nixon acknowledged that trial was set for January 26,

---

[3] Even if Nixon had properly briefed any issues related to the order declaring him to be a vexatious litigant, we note that Nixon displays all the hallmarks of a quintessential vexatious litigant by bringing claims both repetitive and unsuccessful in nature and not brought in good faith. *See* CIV. PRAC. & REM. CODE ANN. § 11.054(2) (providing court may find plaintiff vexatious litigant if defendant shows no reasonable probability plaintiff will prevail in litigation against defendant and after a litigation has been finally determined against plaintiff, plaintiff repeatedly relitigates or attempts to religitate, pro se, validity of determination against same defendant as to whom litigation was finally determined; or cause of action, claim, controversy, or any issues of fact or law determined or concluded by final determination against same defendant as to whom litigation was finally determined).

–8–

2017, in his January 20, 2017 motion for continuance. Rule 166 expressly authorizes the trial court to rule on legal issues before the court. *See* TEX. R. CIV. P. 166. As discussed above, Nixon presented no fact issues for the trial court to decide in his petition for bill of review. *See JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, No. 15-0712, 2018 WL 1440625, at \*4–5, \*10 (Tex. Mar. 23, 2018) (reinstating trial court's Rule 166(g) order disposing plaintiff's claims). Thus, we cannot conclude the trial court erred by deciding Nixon's petition for bill of review on the merits.

Accordingly, we overrule Nixon's sixth issue.

## VI.     Striking Third Petition for Bill of Review

In his eighth issue, Nixon urges the trial court erred by striking his third petition for bill of review. He contends the trial court violated his rights to due process and equal protection of the law. He argues that absent evidence of surprise or prejudice to any of the appellees, the trial court could not have refused to allow him to amend his pleadings. He also complains the Attorney General failed to notify him of a hearing date on the motion to strike his third amended petition.

Nixon did not raise any of these complaints to the trial court. Instead, at the hearing, Nixon admitted he had received the motion to strike, and urged that he needed more time to prepare a response. Because his complaint here does not comport with his objection below, we conclude Nixon waived his eighth issue. *Bell v. Mortg. Elec. Registration Sys., Inc.*, 05-06-00427-CV, 2007 WL 914759, at \*1 (Tex. App.—Dallas Mar. 28, 2007, no pet.) (mem. op).

## VII.     Attorney General's Supplemental Answer

In his ninth issue, Nixon argues the trial court erred by not striking the Attorney General's supplemental answer in which the Attorney General sought, in part, to strike Nixon's third amended petition because the Attorney General failed to file a notice of hearing in violation of Rule 21 of the rules of civil procedure and because the Attorney General, by allegedly giving two days' notice of the hearing, failed to comply with the "three-day [notice] rule."

Rule 21 governs filing and serving of pleadings and motions, but it does not require that every pleading and motion contain a notice of hearing. *See* TEX. R. CIV. P. 21. As for his complaint regarding the "three-day rule," we construe this argument to refer to the requirement under Rule 21 that an application for an order and notice of hearing thereon must be served upon all other parties not less than three days before the time specified for the hearing, unless shortened by the court. *See* TEX. R. CIV. P. 21(b).

A trial court's action in conducting a hearing on a motion before the Rule 21 notice period has expired will not be disturbed on appeal absent an abuse of discretion. *Massingill v. Swanner*, 05-04-00918-CV, 2005 WL 518965, at *1 (Tex. App.—Dallas Mar. 7, 2005, no pet.) (mem. op.). In exercising its discretion to shorten the Rule 21 notice period, the trial court is free to examine and determine the circumstances present in each particular case. *See id.*

Here, the Attorney General's supplemental answer included its motion to strike Nixon's third amended petition. The trial court's docket reflects the supplemental answer and a "notice of hearing/fiat" were filed on March 20, 2017, four days before the trial court heard the motion to strike. Additionally, Nixon admitted at the hearing that he had received a copy of the supplemental answer two days before the hearing and that he was ready to proceed on the second amended petition. Based on this record, we cannot conclude the trial court abused its discretion to shorten the Rule 21 notice period. *See id.*

Accordingly, we overrule Nixon's ninth issue.

## VIII. Motion for New Trial

In his eleventh issue, Nixon urges the trial court erred by denying his motion for new trial. However, he cites no authority or evidence in the record to support his contention that the trial court erred by denying his motion for new trial. When a party, despite notice and an opportunity to cure, fails to adequately brief a complaint, he waives the issue on appeal. *See Bertaud*, 2017

–10–

WL 1360197, at *2. As discussed above, Nixon was notified his brief was deficient, declined to correct it, and instead requested this Court consider his brief unmodified.

Accordingly, Nixon has waived his eleventh issue.

## IX.     Severance of Claims

We construe Nixon's tenth issue to urge the trial court erred by severing his claims against appellees. However, there is nothing in the record to indicate that the trial court severed any claims.

Accordingly, we overrule Nixon's tenth issue.

## X.     Docket Control Order

We construe Nixon's seventh issue to urge the trial court failed to enter a docket control order to set the trial date and deadlines for discovery and amended pleadings. However, he does not cite any authority—and we have not found any— requiring the trial court to enter a docket control order. Moreover, the record contains a pre-trial order that required parties to propound and respond to discovery requests in accordance with the rules of civil procedure and that set the case for trial.

Accordingly, we overrule Nixon's seventh issue.

## XI.     Motion to Transfer Venue

In his twelfth issue, Nixon urges the trial court abused its discretion by denying his motion to transfer venue. He contends he established the transfer of venue was mandatory under the civil practice and remedies code because one of the defendants was the Governor of Texas.

Rule 86 of the rules of civil procedure provides that an objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading, or motion except a special appearance motion. TEX. R. CIV. P. 86 (1). Here, Nixon filed his original and amended petitions, a motion for summary judgment, and a motion for new trial over

–11–

the course of several months before filing his motion to transfer venue on April 24, 2017. Thus, we conclude Nixon waived his venue objection. *See Kshatrya v. Texas Workforce Com'n*, 97 S.W.3d 825, 832 (Tex. App.—Dallas 2003, no pet.) (concluding defendants waived any objection to improper venue by failing to file a motion to transfer prior to or concurrent with their original answers).

Accordingly, we overrule Nixon's twelfth issue.

## XII. Findings of Fact and Conclusions of Law

We construe Nixon's fourteenth issue to argue the trial court erred by failing to file findings of fact and conclusions of law regarding its order denying his petition for bill of review on the merits. The record reflects Nixon filed a request for findings of fact and conclusions of law the day after the trial court signed an order denying his petition for bill of review. On May 25, 2017, the trial court issued findings of fact and conclusions of law. On June 7, 2017, Nixon filed an amended request for findings of fact and conclusions of law. The trial court did not issue any further findings or conclusions.

Rule 298 of the rules of civil procedure provides that after a trial court files its original findings of fact and conclusions of law, any party may request amended findings or conclusions. *See* TEX. R. CIV. P. 298. The rule further states that the request for amended findings or conclusions "shall be made within ten days after the filing of the original findings and conclusions." *See id.* When a party makes an untimely request for additional findings and conclusions, the party waives the right to complain on appeal of the trial court's refusal to enter the additional findings or conclusions. *In re Marriage of C.A.S. & D.P.S.*, 405 S.W.3d 373, 381 (Tex. App.—Dallas 2013, no pet.). Since the trial court issued its findings and conclusions on May 25, 2017, Nixon's request for amended findings and conclusions was due on June 4, 2017. Accordingly, Nixon failed to preserve his fourteenth issue for our review. *See id.*

## XIII.  Cumulative Effect of Errors

In his thirteenth issue, Nixon urges that the trial court committed multiple errors that even if harmless taken separately, the cumulative effect of the trial court's errors merited reversal.  He refers to the denial of his jury demand, the order declaring him to be a vexatious litigant, and failure to file amended findings of fact and conclusions of law regarding its order denying his petition for bill of review.

After reviewing Nixon's brief and the record, we conclude that even if the trial court committed the errors Nixon complains of and considering the effect of those claimed errors, they did not probably cause the rendition of an improper judgment or probably prevented Nixon from properly presenting this case on appeal.  *See* TEX. R. APP. P. 44.1(a).

Accordingly, we overrule Nixon's thirteenth issue.

### CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

170582F.P05

–13–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TRACY NIXON, Appellant

No. 05-17-00582-CV          V.

ATTORNEY GENERAL OF TEXAS,
TEXAS COMPTOLLER OF PUBLIC
ACCOUNTS, TEXAS HOUSE OF
REPRESNTATIVES, GOVERNOR OF
TEXAS, AND KIMBERLYN RHYNES,
Appellees

On Appeal from the 301st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-16-01234.
Opinion delivered by Justice Schenck,
Justices Lang and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees ATTORNEY GENERAL OF TEXAS, TEXAS
COMPTOLLER OF PUBLIC ACCOUNTS, TEXAS HOUSE OF REPRESNTATIVES,
GOVERNOR OF TEXAS, AND KIMBERLYN RHYNES recover their costs of this appeal
from appellant TRACY NIXON.

Judgment entered this 21st day of June, 2018.