**AFFIRMED and Opinion Filed December 2, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00589-CV**

**IN THE INTEREST OF L.M.T., A CHILD**

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-18-19417**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Osborne

Appellant Terry Powell appeals the trial court's order denying his bill of review to set aside a 1995 judgment establishing his paternity of L.M.T. and ordering him to pay child support. In one issue, Powell argues that he was not properly served with process in 1994. Concluding that the trial court did not abuse its discretion in denying the bill of review, we affirm the trial court's order.

### BACKGROUND

Appellee the Office of the Attorney General ("OAG") filed a petition to establish the parent-child relationship between Powell and L.M.T. on September 29, 1994. The petition recited that Powell was entitled to notice and that he resided at

2337 Martha, Dallas, Texas 75229. According to evidence offered by Powell at the hearing on his bill of review, this address was incorrect; instead, his parents' address where he resided was 2331 Marfa Ave., Dallas, Texas 75216.

The record does not reveal what attempts, if any, were made to serve Powell at the incorrect Martha Avenue address or at his parents' residence. Instead, the constable attempted to serve Powell at a business called "Pagers R Us" at 3420 Sunnyvale, Dallas 75216. When five attempts to serve Powell at that address failed, the OAG filed a motion for substitute service on Powell under rule 106, Texas Rules of Civil Procedure. The motion was supported by the constable's "Rule 106 Affidavit" describing "several attempts to obtain personal service" on Powell at 3420 Sunnyvale on October 5, 18, and 20, and November 4 and 8, 1994, and stating that he believed that Powell was evading service. The affidavit included the constable's statement that "I believe this party will be given effective notice of this suit by delivering a copy of said citation by serving anyone over sixteen years of age at the above address, or by securely attaching to the door at the above address which is the party's usual place of business."

The trial court granted the motion for substitute service, ordering that the constable was authorized to serve Powell by leaving the petition with anyone over sixteen years of age or by attaching it to the front door "of the location specified in" the officer's affidavit. The constable completed service by delivering the citation and petition to "a black female, who would not identify herself, who was older than

sixteen (16) years of age," at 3420 Sunnyvale, shown on the face of the citation to be the address for Pagers R Us, at 2:47 p.m. on January 26, 1995.

The trial court held a hearing on March 24, 1995, and on March 29, 1995, signed its "Default Order Establishing the Parent-Child Relationship" between Powell and L.M.T., appointing Powell as possessory conservator and ordering him to pay child support. About a week later, Powell went to prison for an unknown offense until March 2014.

On September 24, 2018, twenty-three years after the trial court established the parent-child relationship between Powell and L.M.T., Powell filed his petition for bill of review alleging that the 1995 judgment was void because he was not personally served with citation. The trial court held an evidentiary hearing on January 16, 2019, hearing testimony from Powell, from L.M.T.'s mother ("Mother"), and from Daryl Carter, the owner of Pagers R Us in the relevant time period. Although Powell testified that he never lived at the Martha Avenue address and never worked at Pagers R Us, there was conflicting testimony about whether Powell could "probably be found"[1] for service of process at Pagers R Us in 1994 and early 1995. Carter testified that he knew both Powell and Powell's father—with whom Powell testified he was living—and knew how to contact Powell's father, who was a customer of Carter's services as a mechanic. When asked to state that

---

[1] *See* TEX. R. CIV. P. 106(b), quoted and discussed below.

–3–

Powell "never frequented your place of business," Carter responded, "I don't—I'm not going to say that, but I have seen him around the neighborhood. It's a big parking lot and there are other businesses there, so I have seen him at that location." Mother, who appeared pro se, also asked questions of Carter directed to establishing that Pagers R Us "was just a known location of where Mr. Powell hung out." Powell himself acknowledged that he knew Carter "back in the 90s," before Powell went to prison. Powell also testified that as far as he knew, Carter owned Pagers R Us at that time. But Powell denied that he "hung out" at Pagers R Us or "frequent[ed] that location."

The trial court took the matter under advisement and denied the bill of review in an order dated February 4, 2019. Powell filed a motion for new trial that the trial court denied after a hearing. This appeal followed.

In one issue, Powell argues "[t]he trial court should not have rendered a default judgment against Appellant-respondent because he was never served with process and he was never served with the default judgment." Powell contends that because the OAG failed to comply with civil procedure rules 106 and 107 in its attempts to serve him with process in 1995, the trial court should have granted his petition for bill of review.

## BILL OF REVIEW

"A bill of review is an independent equitable proceeding brought by a party to a former action who seeks to set aside a judgment that is no longer subject to

challenge by appeal." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 270 n.1 (Tex. 2012) (citations omitted). "Because of the importance of according finality to judgments, the petitioner's burden is heavy and the grounds on which relief may be obtained by a bill of review are narrow and defined." *Singh v. Trinity Mktg. & Distrib. Co., Inc.*, 397 S.W.3d 257, 262 (Tex. App.—El Paso 2013, no pet.) (citing *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), and *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987)).

Bill of review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. *In re M.C.B.*, 400 S.W.3d 630, 634 (Tex. App.—Dallas 2013, no pet.). But if a bill of review plaintiff was not served, constitutional due process relieves him from the need to establish the first two requirements. *Id.* Bill of review plaintiffs alleging they were not served with process must still prove "that the judgment was rendered unmixed with any fault or negligence of their own," but this element "is established if the plaintiff can prove that he or she was never served with process." *Id.* As we explained in *M.C.B.*, "[a]n individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered." *Id.* We concluded, "[p]roof of non-service, then, will conclusively establish the third and only element that bill

of review plaintiffs are required to prove when they are asserting lack of service of process as their only defense." *Id.*

When reviewing a trial court's grant or denial of a bill of review, we indulge every presumption in favor of the court's ruling, which we will not disturb absent an affirmative showing that the trial court abused its discretion. *Singh*, 397 S.W.3d at 262. A trial court abuses its discretion only if it has acted in an unreasonable or arbitrary manner, or without reference to any guiding rules and principles. *Okon v. Boldon*, No. 02-14-00334-CV, 2015 WL 4652775, at *3 (Tex. App.—Fort Worth Aug. 6, 2015, no pet.) (mem. op.). An abuse of discretion does not occur when the trial court bases its decisions on conflicting evidence. *Id.* "The trial court is the fact finder at a hearing on a bill of review and has the duty of ascertaining the true facts, and it is within the court's province to judge the credibility of the witnesses and to determine the weight to be given their testimony." *Id.* (internal quotation and citation omitted).

**DISCUSSION**

**1. Rule 106**

Civil procedure rule 106(a) provides that unless the citation or an order of the court directs otherwise, the citation "shall be served" by delivery to the defendant in person or by registered or certified mail. *See* TEX. R. CIV. P. 106(a)(1), (2). Rule 106(b), however, permits substituted service if attempts at in-person service have not been successful:

(b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) [in-person delivery] or (a)(2) [registered or certified mail] at the location named in such affidavit but has not been successful, the court may authorize service:

> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b). Substituted service of citation made under rule 106 does not violate due process if the manner of service is "'reasonably effective to give the defendant notice of the suit' and the opportunity to appear and defend same." *Sgitcovich v. Sgitcovich*, 241 S.W.2d 142, 148 (Tex. 1951) (quoting TEX. R. CIV. P. 106).

Powell argues that he was not served with process because the address shown on the 1995 certificate of last known address, 2337 Martha, does not exist. He offered evidence to support this assertion at the bill of review hearing, as well as testifying that he was residing in his parents' home at 2331 Marfa Avenue until he went to prison in April 1995. Quoting *Rhodes v. Kelly*, No. 05-16-00888-CV, 2017 WL 2774452, at *5 (Tex. App.—Dallas June 27, 2017, pet. denied) (mem. op.), Powell argues that "[s]ervice of citation must be in strict compliance with the rules of civil procedure to establish jurisdiction over a defendant and support a default

–7–

judgment." As we explained in *Rhodes*, "[i]f strict compliance is not shown, the service of process is invalid and of no effect." *Id.* (internal quotation omitted).

Rule 106(b), however, permits service not only at "the location of the defendant's usual place of business or usual place of abode," but also at an "other place where the defendant can probably be found." TEX. R. CIV. P. 106(b). The deputy constable's rule 106 affidavit provided evidence that he "believe[d] def[endant] is avoiding service," and that he "believe[d] this party will be given effective notice of this suit" through substituted service at 3420 Sunnyvale.

The deputy constable's return showed service at 3420 Sunnyvale on "a black female, who would not identify herself, who was older than sixteen (16) years of age." The supreme court has explained:

> The return of service is not a trivial, formulaic document. It has long been considered prima facie evidence of the facts recited therein. The recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party.

*Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) (citations omitted). Further, the supreme court has explained that where a court has authorized substituted service, requiring proof of actual notice would "frustrate Rule 106(b)'s purpose" of providing alternate methods of service when service under rule 106(a) has failed. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993) (per curiam).

Here, the deputy constable's affidavit and return of service strictly complied with rule 106. Although Powell claims that he did not receive actual notice of the

citation and petition, and the affidavit does not purport to establish that he did, it is nonetheless sufficient proof that substituted service was completed on Powell in accordance with the trial court's order. *See Williams v. Asset Acceptance LLC*, No. 03-11-00520-CV, 2012 WL 2989219, at \*4 (Tex. App.—Austin July 20, 2012, no pet.) (mem. op.) (affidavit was sufficient proof of substituted service under rule 106 where it showed compliance with trial court's rule 106 order).

The question presented by Powell's bill of review was one of fact, whether he could "probably be found" at the place where service was attempted and eventually made. *See* TEX. R. CIV. P. 106(b). The trial court heard conflicting testimony on this question and was the sole judge of the witnesses' credibility. *See Okon*, 2015 WL 4652775, at \*3; *see also Brooks v. Office of Attorney Gen.*, No. 03-06-00678-CV, 2008 WL 2388025, at \*3 (Tex. App.—Austin June 11, 2008, no pet.) (mem. op.) (district court, as fact-finder in bill of review proceeding, was free to resolve conflicts in evidence regarding whether defendant received notice of trial). We may not substitute our judgment for the trial court's where, as here, there is evidence to support its findings. *See Okon*, 2015 WL 4652775, at \*3.

We conclude the trial court did not abuse its discretion in determining that the OAG's service of its 1994 petition to establish the parent-child relationship between Powell and L.M.T. met the requirements of rule 106. *See Singh*, 397 S.W.3d at 262. We overrule the portion of Powell's issue complaining that the OAG failed to comply with rule 106.

## 2. Rule 107

Citing the current text of civil procedure rule 107, Powell argues that the officer's return did not include the name of the person served. *See* TEX. R. CIV. P. 107(b)(5) ("The return, together with any document to which it is attached, must include the following information: . . . (5) the person or entity served").[2] He argues, "[t]he unknown black female could have been under sixteen years of age. The constable could have served another person who would identify themselves but chose not to do so."

The OAG responds that Powell's "speculative assertions" are not supported by the record and do not rebut the recitations in the officer's return, which constitute prima facie evidence of the facts recited. *See Primate Constr., Inc*, 884 S.W.2d at 152 ("The recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party.").

The OAG further argues that the return fully complied with rule 107. Rule 107(f) expressly provides that when, as here, "citation is executed by an alternative method as authorized by Rule 106," then "proof of service shall be made in the manner ordered by the court." TEX. R. CIV. P. 107(f). The trial court's rule 106 order

---

[2] The OAG points out that rule 107 did not include this requirement in 1995 when the deputy constable served Powell. *See* Misc. Docket No. 11-9250 (Tex. Dec. 12, 2011) (amending rule 107). Then, rule 107 required the officer's return to state "when the citation was served and the manner of service and be signed by the officer," *see id.*, as the return here did. The 2011 amendments to rule 107 adding subsection (b)(5) are available at https://www.txcourts.gov/All_Archived_Documents/SupremeCourt/AdministrativeOrders/miscdocket/11/11925000.pdf).

specified that "the Deputy Constable of DALLAS County be authorized to serve a Citation upon TERRY POWELL by leaving a true copy of the Petition attached, with anyone over sixteen years of age at, or by attaching same to the front door of the location specified in such Affidavit." As quoted above, the deputy constable's return complied with the trial court's order. We conclude that the return complied with rule 107's requirements, and decide this portion of Powell's issue against him.

Concluding that the trial court did not abuse its discretion by denying Powell's petition for bill of review, we decide Powell's sole issue against him.

## CONCLUSION

We affirm the trial court's February 4, 2019 "Order Denying Bill of Review."


/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

190589F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

IN THE INTEREST OF L.M.T., A
CHILD

No. 05-19-00589-CV

On Appeal from the 254th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-18-19417.
Opinion delivered by Justice
Osborne. Justices Schenck and
Partida-Kipness participating.

In accordance with this Court's opinion of this date, the trial court's February 4, 2019 "Order Denying Bill of Review" is **AFFIRMED**.

Judgment entered December 2, 2020